# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BLATTNER ENERGY INC., an unknown business entity, and DOES 1
through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RODNEY HOFFMAN, as an individual and on behalf of all others
similarly situated,

```
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

SEP 2 4 2014

BY _____
JASMIN CASILLAS, DEPUTY
```

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 o más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Bernardino Superior Court - Civil | **CASE NUMBER:**<br>*(Número del Caso):*<br>C IVDS1441375<br>CIVDS1441375 |

303 W. Third Street
San Bernardino, California 92415

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kenneth H. Yoon, One Wilshire Boulevard, Ste. 2200, Los Angeles, California 90017, (213) 612-0988

| | | | |
|---|---|---|---|
| DATE: 9/23/2014<br>*(Fecha)* | SEP 2 4 2014 | Clerk, by _____<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Blattner Energy Inc.

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☒ by personal delivery on *(date):* 9/05/2014 @ 3:20

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Kenneth H. Yoon (SBN 198443)<br>Law Offices of Kenneth H. Yoon<br>One Wilshire Boulevard, Suite 2200<br>Los Angeles, California 90017<br>TELEPHONE NO.: (213) 612-0988   FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff Rodney Hoffman | FOR COURT USE ONLY<br>**F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>SEP 2 4 2014<br><br>BY _____<br>JASMIN CASILLAS, DEPUTY<br>CIVDS1414375 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Bernardino
STREET ADDRESS: 303 W. Third Street
MAILING ADDRESS: 303 W. Third Street
CITY AND ZIP CODE: San Bernardino, California 92415
BRANCH NAME: San Bernardino District - Civil

CASE NAME:
Hoffman v. Blattner Energy Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>CIVDS1413375 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

**2.** This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
**4.** Number of causes of action *(specify):* Seven
**5.** This case ☑ is   ☐ is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 23, 2014

Kenneth H. Yoon
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or*
  *toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil*
  *harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer*
    *or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally*
  *complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
  *drugs, check this item; otherwise,*
  *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex*
  *case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-*
    *domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
  *above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-*
    *harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified*
  *above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Rodney Hoffman

CIVDS141375

Case No. _____

vs.

CIVDS1414375

Blattner Engergy Inc.

CERTIFICATE OF ASSIGNMENT

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the   San Bernardino
District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General          [ ] Collection

| | Nature of Action | Ground |
|---|---|---|
| [ ] 1 | Adoption | Petitioner resides within the district. |
| [ ] 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] 3 | Contract | Performance in the district is expressly provided for. |
| [ ] 4 | Equity | The cause of action arose within the district. |
| [ ] 5 | Eminent Domain | The property is located within the district. |
| [ ] 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] 9 | Mandate | The defendant functions wholly within the district. |
| [ ] 10 | Name Change | The petitioner resides within the district. |
| [ ] 11 | Personal Injury | The injury occurred within the district. |
| [ ] 12 | Personal Property | The property is located within the district. |
| [ ] 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] 15 | Review | The defendant functions wholly within the district. |
| [ ] 16 | Title to Real Property | The property is located within the district. |
| [ ] 17 | Transferred Action | The lower court is located within the district. |
| [ ] 18 | Unlawful Detainer | The property is located within the district. |
| [ ] 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [X] 20 | Other   Employment | Cause of action arose in this district;  corporate defendant |
| [X] 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

32952 Mountain View Road
_____
(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)                                ADDRESS

Newberry Springs, California 92365
_____
(CITY)                                                    (STATE)                                              (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

September 22, 2014                                      at   Los Angeles                                    , California

_____
Signature of Attorney/Party

13-16503-360 Rev. 10/94

SB-16503

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
-----------------------------------------------------------------------
-----------------------------------------------------------------------
                                    CASE NO: CIVDS1414375

                    NOTICE OF TRIAL SETTING CONFERENCE
                    and NOTICE OF CASE ASSIGNMENT

IN RE: RODNEY HOFFMAN -V- BLATTNER ENERGY INC

THIS CASE HAS BEEN ASSIGNED TO: JOSEPH R. BRISCO IN DEPARTMENT S33
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at  247 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210.

        HEARING DATE: 03/23/15 at  8:30 in Dept. S33


DATE: 09/24/14  Christina M. Volkers, Clerk of the Court
                                    By: JASMIN CASILLAS
-----------------------------------------------------------------------
-----------------------------------------------------------------------
                    CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and/addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 09/24/14
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 09/24/14 at San Bernardino, CA

                    BY: JASMIN CASILLAS



civ-ntsc-20130417

Notice 'NTSC' has been printed for the following Attorneys/Firms
or Parties for Case Number CIVDS1414375 on  9/24/14:


    LAW OFFICES OF KENNETH H YOON
    ONE WILSHIRE BLVD
    SUITE 200
    LOS ANGELES, CA 90017

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

SEP 2 4 2014

BY _____
JASMIN CASILLAS, DEPUTY

1  KENNETH H. YOON (State Bar No. 198443)
   STEPHANIE E. YASUDA (State Bar No. 265480)
2  **LAW OFFICES OF KENNETH H. YOON**
   One Wilshire Blvd., Suite 2200
3  Los Angeles, California 90017
   Telephone: (213) 612-0988
4  Facsimile: (213) 947-1211

5  DOUGLAS HAN (State Bar No. 232858)
   **JUSTICE LAW CORPORATION**
6  410 Arden Ave., Suite 206
   Glendale, California 91203
7  Telephone: (818) 230-7502
   Facsimile: (818) 230-7259

8
9  Attorneys for Plaintiff Rodney Hoffman

   ## SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
   ## FOR THE COUNTY OF SAN BERNARDINO
11

| | |
|---|---|
| 12  RODNEY HOFFMAN, as an individual and on behalf of all others similarly situated, | CIVDS1414375 <br> Case No.: ~~CIVDS141375~~ |
| 13           Plaintiff, | **CLASS ACTION** |
| 14       v. | **CLASS ACTION COMPLAINT FOR DAMAGES FOR:** |
| 15  BLATTNER ENERGY INC., an unknown business entity, and DOES 1 through 50, inclusive, | (1) **VIOLATION OF LABOR CODE SECTION 226.7 AND 512;** |
| 16 | |
| 17           Defendants. | (2) **VIOLATION OF LABOR CODE SECTIONS 510 AND 1194;** |
| 18 | (3) **VIOLATION OF LABOR CODE SECTIONS 1771, 1774, AND 1194;** |
| 19 | |
| 20 | (4) **VIOLATION OF LABOR CODE SECTION 203;** |
| 21 | (5) **VIOLATION OF LABOR CODE SECTION 226;** |
| 22 | |
| 23 | (6) **VIOLATION OF LABOR CODE SECTION 2698 *et seq.*; AND** |
| 24 | (7) **BUSINESS AND PROFESSIONS CODE SECTION 17200 *et seq.*** |
| 25 | |
| 26 | **DEMAND FOR JURY TRIAL** |
| 27 | |
| 28 | |

1

CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiff Rodney Hoffman ("Plaintiff") hereby submits his Class Action Complaint for Damages against Defendant Blattner Energy, Inc. and DOES 1 through 50, inclusive (collectively, "Defendants"), on behalf of himself and the Class of other similarly situated current and former employees of Defendants for meal period and rest break wages, minimum and overtime wages, and penalties as follows:

## INTRODUCTION

1.      This class action brought pursuant to Labor Code §§ 203, 226, 226.7, 510, 512, 1194, 1771, 1774, 2698 *et seq.* (the Private Attorneys General Act of 2004 ("PAGA")), Industrial Welfare Commission ("IWC") Wage Order No. 16-2001 (codified as California Code of Regulations, title 8, § 11160), and Business and Professions Code § 17200 *et seq.* (Unfair Competition Law ("UCL")).

2.      This Complaint challenges Defendants' systemic illegal employment practices resulting in violations of the stated provisions of the Labor Code and corresponding IWC Wage Order against the putative class of employees.

3.      Plaintiff is informed and believes and thereon allege Defendants joint and severally acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in (1) failing to pay all meal period wages and rest break wages, (2) failing to pay all minimum and overtime wages, (3) failing to pay all wages due and owing upon termination of employment, (4) failing to provide accurate wage statements, and (5) engaging in unfair business practices.

## JURISDICTION AND VENUE

4.      This class action is brought pursuant to California Code of Civil Procedure § 382. The monetary damages sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

5.      This Court has jurisdiction over this action pursuant to California Constitution, Article VI, Section 10, which grants the Superior Court original jurisdiction in all causes except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

6.      This Court has jurisdiction over the violations of Labor Code §§ 203, 226, 226.7, 510, 512, 1194, 1771, 1774, PAGA, IWC Wage Order No. 16-2001, and the UCL.

7.      This Court has jurisdiction over all Defendants because, upon information and belief, each party has sufficient minimum contacts in California, or otherwise intentionally avails itself of California law so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

8.      Venue is proper in this Court because, upon information and belief, the named Defendants transact business and/or have offices in this county, and the acts and omissions alleged herein took place in this county.

## PARTIES

9.      Plaintiff Rodney Hoffman is an individual who was formerly employed by Defendants in California during the relevant time period.

10.     Defendant Blattner Energy, Inc. is a corporation licensed to do business and actually doing business in the State of California and doing business in San Bernardino County.

11.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes and thereon alleges that each of Defendants designated as a DOE was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and the Class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

12.     At all times herein mentioned, Defendants, and each of them, were agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and assigns, and that all acts

3

or omissions alleged herein were duly committed with ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

13.     As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to Labor Code §§ 203, 226, 226.7, 510, 512, 1194, 1771, 1774, PAGA, IWC Wage Order No. 16-2001, and the UCL.

## CLASS ACTION ALLEGATIONS

14.     **Definition:**  The named Plaintiff seeks class certification pursuant to California Code of Civil Procedure § 382 of all current and former non-exempt employees of Defendants who worked on construction projects in California and were paid on an hourly basis from February 21, 2010, to the present, including the following Subclasses:

(a)     **Meal Period Subclass:** all Defendants' non-exempt employees who worked one or more shifts in excess of six (6) hours on construction projects in California who were not provided a 30-minute break during which they were relieved of all duties, during the period from February 21, 2010, to the present;

As an alternate to Subclass (a):

(a)(1) **Alternative Meal Period Subclass:** all Defendants' non-exempt employees who worked one or more shifts in excess of six (6) hours on construction projects in California, during the period from February 21, 2010, to the present;

(b)     **Rest Break Subclass:** all Defendants' non-exempt employees who worked one or more shifts of three and one-half (3.5) hours or more on construction projects in California who were not provided a paid 10-minute break during which they were relieved of all duties, during the period from February 21, 2010, to the present;

As an alternate to Subclass (b):

(b)(1) **Alternative Rest Break Subclass:** all Defendants' non-exempt employees who worked one or more shifts of three and one-half (3.5) hours or more on construction projects in California, during the period from February 21,

4

CLASS ACTION COMPLAINT FOR DAMAGES

1    2010, to the present;

2    (c)    **Overtime Subclass:** all Defendants' non-exempt employees who worked in

3    excess of eight (8) hours in a day or forty (40) hours in a workweek on

4    construction projects in California during the period from February 21, 2010, to

5    the present;

6    (d)    **Minimum Wage Subclass** all Defendants' non-exempt employees who worked

7    on construction projects in California and were not properly paid all minimum

8    wages during the period from February 21, 2010, to the present.

9    (e)    **Prevailing Wage Subclass:** all Defendants' non-exempt employees who

10   worked on public works construction projects in California during the period

11   from February 21, 2010, to the present;

12   (f)    **Terminated Employee Subclass:** all Defendants' non-exempt employees who

13   worked on construction projects in California during the period from February

14   21, 2011, to the present, and who were not properly paid all wages on

15   termination or within 72 hours thereof;

16   (g)    **Wage Statement Subclass:** all Defendants' non-exempt employees who

17   worked on construction projects in California and received an itemized wage

18   statement during the period from February 21, 2010, to the present.

19   15.    **Numerosity:** The members of the Classes are so numerous that joinder

20   of all members would be impractical, if not impossible. The identities of the members of the

21   Class are readily ascertainable by review of Defendants' records, including payroll records.

22   16.    **Adequacy of Representation:** Plaintiff is fully prepared to take all

23   necessary steps to represent fairly and adequately the interests of the Class defined above.

24   Plaintiff's attorneys are ready, willing and able to fully and adequately represent the Class and

25   individual Plaintiff.   Plaintiff's attorneys have prosecuted and settled wage-and-hour class

26   actions in the past and currently have a number of wage-and-hour class actions pending in

27   California courts.

28   17.    Defendants uniformly administered a corporate policy, practice and/or

5

procedure of (1) failing to pay all meal period wages and rest break wages, (2) failing to pay all minimum and overtime wages, (3) failing to pay all wages due and owing upon termination of employment, (4) failing to provide accurate wage statements, (5) engaging in unfair business practices.  Plaintiff alleges this corporate conduct is accomplished with the advance knowledge and designed with intent to willfully withhold appropriate wages for work performed members of the Class.

      **18.**    **Common Question of Law and Fact:**  There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning whether Defendants' policies and practices regularly denied Class Members meal and rest break wages, minimum and overtime wages, accurate wage statements, and all wages due and owing upon termination of employment.

      **19.**    **Typicality:**  Plaintiff's claims are typical of the claims of all members of the Classes.  Plaintiff is a member of the Classes and has suffered the alleged violations of Labor Code §§ 203, 226, 226.7, 510, 512, 1194, 1771, 1774, PAGA, and IWC Wage Order No. 16-2001, and the UCL.

      **20.**    The Labor Code upon which Plaintiff bases his claims is broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California.  These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

      **21.**    The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.  Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful

6

1   claims by employees who would be disinclined to file an action against their former and/or

2   current employer for real and justifiable fear of retaliation and permanent damage to their

3   careers at subsequent employment.

4       22.   The prosecution of separate actions by the individual Class Members,

5   even if possible, would create a substantial risk of (a) inconsistent or varying adjudications

6   with respect to individual Class Members against the Defendants and which would establish

7   potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with

8   respect to individual Class Members which would, as a practical matter, be dispositive of the

9   interest of the other Class Members not parties to the adjudications or which would

10  substantially impair or impede the ability of the Class Members to protect their interests.

11  Further, the claims of the individual members of the Class are not sufficiently large to warrant

12  vigorous individual prosecution considering all of the concomitant costs and expenses.

13      23.   Such a pattern, practice and uniform administration of corporate policy

14  regarding illegal employee compensation described herein is unlawful and creates an

15  entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for the

16  unpaid balance of the full amount of meal period and rest break wages, and minimum and

17  overtime wages and minimum wages, including interest thereon, attorneys' fees and costs of

18  suit, as well as consequential damages.

19      24.   Proof of a common business practice or factual pattern, which the named

20  Plaintiff experienced and are representative of, will establish the right of each Class Member to

21  recovery on the causes of action alleged herein.

22      25.   The Class is commonly entitled to a specific fund with respect to the

23  compensation illegally and unfairly retained by Defendants.  This action is brought for the

24  benefit of the entirety of all Class and will result in the creation of a common fund.

25

26

27

28

CLASS ACTION COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION

### VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512

### REGARDING MEAL PERIOD AND REST BREAK WAGES

### (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND SUBCLASSES (a), (b), (c), (d) and (f))

26.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 as though fully set forth herein.

27.     In accordance with the mandates of Labor Code § 226.7, 512, and the applicable IWC Wage Order, Plaintiff and the Class and Subclasses (a), (b), (c), (d) and (f) had the right to take a 10-minute rest break for every four (4) hours worked or major fraction thereof, and a 30-minute meal period for every five (5) hours worked.

28.     As a pattern and practice, Defendants did not provide employees with meal periods and rest breaks and did not provide proper compensation for this failure.  Further, upon information and belief, Defendants regularly deducted a meal period from employees' hours worked, despite employees working and not taking a duty-free meal period.

29.     Defendants' policy of failing to provide Plaintiff and the Class and Subclasses (a), (b), (c), (d) and (f) with legally mandated meal periods and rest breaks is a violation of California law.

30.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class Members identified herein, in a civil action, for the balance of the unpaid premium compensation pursuant to Labor Code § 226.7, 512, and the applicable IWC Wage Order, including interest thereon.

31.     Defendants' willful failure to provide Plaintiff and the Class Subclasses (a), (b), (c), (d) and (f) the wages due and owing them upon separation from employment results in continuation of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

8

## SECOND CAUSE OF ACTION

### VIOLATION OF LABOR CODE SECTIONS 510 AND 1194

### REGARDING OVERTIME WAGES

### (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND SUBCLASSES (c), (d), (f), and (g))

32.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

33.     At all times relevant herein, Defendants were required to compensate their non-exempt employees minimum wages for all hours worked and overtime wages for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a workweek.

34.     As a pattern and practice, Defendants regularly miscalculated overtime compensation by failing to include all non-discretionary bonuses, incentive pay, and other forms of pay in non-exempt employees' regular rates of pay.  This resulted in Defendants' failure to pay all overtime wages due and owing to Plaintiff the Class and Subclasses (c), (d), (f), and (g).

35.     As a pattern and practice, Defendants regularly failed to compensate employees their minimum wages and overtime wages, where applicable, for all hours worked. For example, Defendants failed to provide any compensation for the time employees spent in "safety meetings" at the start of their respective shifts.

36.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class and Subclasses (c), (d), (f), and (g) in a civil action, for the unpaid balance of the full amount of minimum and overtime wages owing, including liquidated damages, interest, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 1194.

37.     Defendants' willful failure to provide Plaintiff and the Class Subclasses (c), (d), (f), and (g) the wages due and owing them upon separation from employment results in continuation of wages up to thirty (30) days from the time the wages were due.  Therefore,

9

1   Plaintiff and Class Members who have separated from employment are entitled to
2   compensation pursuant to Labor Code § 203.

3                               **THIRD CAUSE OF ACTION**
4           **VIOLATION OF LABOR CODE SECTIONS 1771, 1774, AND 1194**
5                            **REGARDING PREVAILING WAGES**
6       **(AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND**
7                            **SUBCLASSES (c), (d), (e), and (f))**

8           **38.**    Plaintiff re-alleges and incorporates by reference paragraphs 1 through
9   37 as though fully set forth herein.

10          **39.**    At all times relevant herein, Defendants were required to pay their
11  employees on public works not less than the general prevailing rate of per diem wages for work of
12  a similar character in the locality in which the public work is performed, and not less than the
13  general prevailing rate of per diem wages for holiday and overtime work.

14          **40.**    As a pattern and practice, Defendants regularly failed to compensate
15  their employees at the prevailing wage for all hours worked and, where applicable, all overtime
16  hours worked.

17          **41.**    Such a pattern, practice and uniform administration of corporate policy
18  regarding illegal employee compensation as described herein is unlawful and creates an
19  entitlement to recovery by Plaintiff and the Class and Subclasses (c), (d), (e), and (f) in a civil
20  action, for the unpaid balance of the full amount of minimum and overtime wages owing at the
21  prevailing rate, including liquidated damages, interest, attorneys' fees, and costs of suit
22  according to the mandate of California Labor Code §§ 1194, 1771, and 1774.

23          **42.**    Defendants' willful failure to provide Plaintiff and the Class Subclasses
24  (c), (d), (e), and (f) the wages due and owing them upon separation from employment results in
25  continuation of wages up to thirty (30) days from the time the wages were due.  Therefore,
26  Plaintiff and Class Members who have separated from employment are entitled to
27  compensation pursuant to Labor Code § 203.

28

                                        10

## FOURTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE SECTION 203

### REGARDING WAITING TIME PENALTIES

### (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND SUBCLASSES (a), (b), (c), (d), and (f))

43.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 as though fully set for herein.

44.     At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 204.

45.     As a result of Defendants' alleged Labor Code violations alleged above, Defendants regularly failed to pay Plaintiff and the Class and Subclasses (a), (b), (c), (d), and (f) their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

46.     The conduct of Defendants and their agents and employees as described herein was willfully done in violation of Plaintiff and Class Members' rights, and done by managerial employees of Defendants.

47.     Defendants' willful failure to provide Plaintiff and the Class and Subclasses (a), (b), (c), (d), and (f) the wages due and owing them upon separation from employment results in a continuation of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

### FIFTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE SECTION 226

### REGARDING RECORD KEEPING

### (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND SUBCLASSES (c), (d), and (g))

48.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through

11

1  47 as though fully set forth herein.

2        **49.**    In violation of Labor Code § 226, Defendants failed in their affirmative

3  obligation to keep *accurate* records regarding the rates of pay for their California employees.

4  For example, as a result of Defendants' various Labor Code violations, Defendants failed to

5  keep accurate records of Plaintiff and Class Members' gross wages earned, total hours worked,

6  all deductions, net wages earned, and all applicable hourly rates and the number of hours

7  worked at each hourly rate.

8        **50.**    Such a pattern, practice and uniform administration of corporate policy

9  as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the

10  Class and Subclasses (c), (d), and (g) in a civil action, for all damages and/or penalties pursuant

11  to Labor Code § 226, including interest thereon, penalties, reasonable attorneys' fees, and costs

12  of suit according to the mandate of California Labor Code § 226.

13  <center>**SIXTH CAUSE OF ACTION**</center>

14  <center>**VIOLATION OF PAGA**</center>

15  <center>**(AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF ALL CLASS**</center>

16  <center>**MEMBERS)**</center>

17        **51.**    Plaintiff re-alleges and incorporates by reference paragraphs 1 through

18  50 as though fully set forth herein.

19        **52.**    PAGA expressly establishes that any provision of the California Labor

20  Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of

21  its departments, divisions, commissions, boards, agencies or employees for a violation of the

22  California Labor Code, may be recovered through a civil action brought by an aggrieved

23  employee on behalf of himself or herself, and other current or former employees.

24        **53.**    On August 27, 2014, Plaintiff provided written notice to the LWDA and

25  and Defendants of the specific provisions of the Labor Code he contends were violated, and the

26  theories supporting his contentions. To date, he has not received a response.

27        **54.**    Plaintiff and the other non-exempt employees are "aggrieved

28  employees" as defined by California Labor Code § 2699(c) in that they are all current or

<center>12</center>

<center>CLASS ACTION COMPLAINT FOR DAMAGES</center>

former employees of Defendants, and one or more of the alleged violations was committed against them.

### Failure to Pay Minimum and Overtime Wages

55.     At all times relevant herein, Defendants were required to compensate their non-exempt employees minimum wages for all hours worked and overtime wages for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a workweek, pursuant to the mandate of Labor Code §§ 510, 1194, 1197, and 1198.

56.     As a pattern and practice, Defendants failed to compensate Plaintiff and other similarly-situated current and former employees for all hours worked, resulting in a failure to pay all minimum wages and overtime wages, where applicable.

### Failure to Pay Prevailing Wages

57.     At all times relevant herein, Defendants were required to compensate their non-exempt employees who worked on public works projects prevailing wages for all hours worked, pursuant to the mandate of Labor Code §§ 1194, 1197, 1198, 1771, and 1774.

58.     As a pattern and practice, Defendants failed to compensate Plaintiff and other similarly-situated current and former employees who worked on public works projects the prevailing wage for all hours worked, resulting in a failure to pay all minimum wages and overtime wages, where applicable.

### Failure to Provide Meal Periods and Rest Breaks

59.     In accordance with the mandates of Labor Code § 226.7, and 512, Defendants were required to authorize and permit their non-exempt employees to take a 10-minute rest break for every four (4) hours worked or major fraction thereof, and were further required to provide their non-exempt employees with a 30-minute meal period for every five (5) hours worked.

60.     As a pattern and practice, Defendants failed to provide Plaintiff and other similarly-situated current and former employees with legally-mandated meal periods and rest breaks and failed to pay proper compensation for this failure.

CLASS ACTION COMPLAINT FOR DAMAGES

### Failure to Timely Pay Wages Upon Termination

61.     At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 204.

62.     As a result of Defendants' Labor Code violations alleged above, Defendants failed to pay Plaintiff and the other similarly-situated former employees their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

### Failure to Provide Complete and Accurate Wage Statements

63.     At all times relevant herein, Defendants were required to keep *accurate* records regarding their California employees pursuant to the mandate of Labor Code §§ 226 and 1174(d).

64.     As a result of Defendants' various Labor Code violations, Defendants failed to keep accurate records regarding Plaintiff and other similarly-situated current and former employees.   For example, Defendants failed in their affirmative obligation to keep accurate records regarding Plaintiff and other similarly-situated current and former employees' gross wages earned, total hours worked, all deductions, net wages earned, and all applicable hourly rates and the number of hours worked at each hourly rate.

### Damages

65.     Pursuant to California Labor Code § 2699, Plaintiff, individually, and on behalf of other current and former aggrieved employees; requests and is entitled to recover from Defendants, and each of them, unpaid wages, civil penalties, interest, attorneys' fees and costs pursuant, as well as all statutory penalties against Defendants, and each of them, including but not limited to:

66.     Penalties under California Labor Code § 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

14

67.     Penalties under California Code of Regulations Title 8 § 11160 in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

68.     Penalties under California Labor Code § 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

69.     Penalties under Labor Code § 1197.1 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred fifty dollars ($250) for each aggrieved employee per pay period for each subsequent violation;

70.     An amount sufficient to recover unpaid wages under Labor Code § 558;

71.     An amount sufficient to recover unpaid wages under Labor Code § 1197.1;

72.     Any and all additional penalties and sums as provided by the Labor Code and/or other statutes; and

73.     Attorneys' fees and costs pursuant to Labor Code §§ 210, 1194, and 2699, and any other applicable statute.

## SEVENTH CAUSE OF ACTION

### FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 *et seq.*

### (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF ALL CLASS MEMBERS)

74.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 73 as though fully set for herein.

75.     Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by knowingly denying employees: (1)

15

1 | all meal period wages and rest break wages, (2) all overtime wages and minimum wages, (3)

2 | all wages due and owing upon termination of employment, and (4) accurate wage statements.

3 | 76.     Defendants' utilization of such business practices constitutes unfair,

4 | unlawful competition and provides an unfair advantage over Defendants' competitors.

5 | 77.     Plaintiff seeks, on his own behalf, and on behalf of other members of the

6 | Classes and Subclasses who are similarly situated, full restitution of monies, as necessary and

7 | according to proof, to restore any and all monies withheld, acquired and/or converted by the

8 | Defendants by means of the unfair practices complained of herein.

9 | 78.     The acts complained of herein occurred within the last four years

10 | preceding the filing of the complaint in this action.

11 | 79.     Plaintiff is informed and believes and based thereon alleges that at all

12 | times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business

13 | practices, as proscribed by California Business and Professions Code § 17200 *et seq.*, including

14 | those set forth above, thereby depriving Plaintiff and the Classes and Subclasses the minimum

15 | working condition standards and conditions due to them under the California laws and IWC

16 | Wage Orders as specifically described therein.

17 | **PRAYER FOR RELIEF**

18 | WHEREFORE, Plaintiff prays for judgment for themselves and all others on

19 | whose behalf this suit is brought against Defendants, jointly and severally, as follows:

20 | 1.     For an order certifying the proposed Classes;

21 | 2.     For an order appointing Plaintiff as the representative of the Classes as

22 | described herein;

23 | 3.     For an order appointing counsel for Plaintiff as class counsel;

24 | 4.     Upon the First Cause of Action, for all meal period and rest break wages owed,

25 | and for waiting time wages according to proof pursuant to California Labor

26 | Code §203 and for costs;

27 | 5.     Upon the Second Cause of Action, for all minimum wages owed and overtime

28 | wages owed, and for waiting time wages according to proof pursuant to

CLASS ACTION COMPLAINT FOR DAMAGES

California Labor Code §203, and for costs and attorneys' fees;

6.      Upon for the Third Cause of Action, for all minimum wages owed and overtime wages owed at the prevailing rate, and for waiting time wages according to proof pursuant to California Labor Code §203, and for costs and attorneys' fees;

7.      Upon the Fourth Cause of Action, for waiting time wages according to proof pursuant to California Labor Code § 203 and for costs;

8.      Upon the Fifth Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorneys' fees;

9.      Upon the Sixth Cause of Action, for civil penalties and wages pursuant to statute as set forth in Labor Code § 2698 *et seq.*, for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 558, 1174(d), 1194, 1197, 1197.1, 1198, 1771, and 1774;

10.     Upon the Seventh Cause of Action, for restitution to Plaintiff and other similarly affected members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*; and

11.     On all Causes of Action, for attorneys' fees, interest, and costs as provided by California Labor Code §§ 218.6, 226, 1194, and Code of Civil Procedure § 1021.5, and for such other further relief the Court may deem just and proper.

Dated: September 22, 2014                    LAW OFFICES OF KENNETH H. YOON

                                             By: _____
                                                  Kenneth H. Yoon
                                                  Stephanie E. Yasuda
                                             Attorneys for Plaintiff Rodney Hoffman

17

CLASS ACTION COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff, for himself and the Classes and Subclasses, hereby demand a jury trial as provided by California law.

Dated: September 22, 2014

LAW OFFICES OF KENNETH H. YOON

By: _____

Kenneth H. Yoon
Stephanie E. Yasuda
Attorneys for Plaintiff Rodney Hoffman

18

CLASS ACTION COMPLAINT FOR DAMAGES