

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RODNEY HOFFMAN, as an individual and on behalf of all others similarly situated,

Plaintiff,

v.

BLATTNER ENERGY, INC., and unknown business entity, and DOES 1 through 50, inclusive,

Defendants.

Case No.  5:14-CV-2195-DMG-DTBx

**JOINT STIPULATION OF SETTLEMENT AND RELEASE**

**8**

1

**EXHIBIT A**

This Joint Stipulation of Settlement and Release is made and entered into between Plaintiff Rodney Hoffman ("Plaintiff" or "Class Representative") and Defendant Blattner Energy, Inc.   ("Defendant" or "Blattner") (collectively, the "Parties").

1.   **THE CONDITIONAL NATURE OF THIS STIPULATION.**

1.1   This settlement and all associated exhibits or attachments are made for the sole purpose of settling the above-captioned lawsuit, which is entitled *Rodney Hoffman v, Blattner Energy, Inc*., Case No. 5:14-CV-2195-DMG-DTBx.   This settlement is made in compromise of disputed claims.  Because the Parties desire to settle this Action (as defined in Section 2.1) on a class-wide basis pursuant to Federal Rule of Civil Procedure 23, this settlement must receive preliminary and final approval by the United States District Court for the Central District Of California ("Court").  Accordingly, the settling Parties enter into this settlement on a conditional basis.  If this settlement agreement is not finally approved by the Court, then this settlement agreement, the settlement terms set forth herein (including any modifications made with the consent of the Parties), and any action taken or to be taken in connection therewith shall be terminated and shall become null and void and have no further force or effect, and the Procedural Order shall be vacated without prejudice to the right of any of the Parties to seek or oppose the certification of a class action or the definition thereof.

1.2   If this settlement is terminated or canceled pursuant to its terms, the Parties to this settlement shall be deemed to have reverted to their respective statuses as of the date and time immediately prior to the execution of this settlement.  In such an event, the Settlement Administrator shall refund all funds received by Defendant into the Qualified Settlement Fund ("QSF"), after deduction for Settlement Administration Costs incurred as of that date, which will be the property of the Settlement Administrator.

1.3   Defendant denies all claims as to liability, damages, penalties, interest, fees, restitution, injunctive relief and all other forms of relief as well as the class

**EXHIBIT A**

allegations asserted in the Action (as defined in Section 2.1). Defendant has agreed to resolve the Action via this settlement, but to the extent this settlement is deemed void or the Final Approval Date does not occur, Defendant does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Action upon all procedural and factual grounds, including, without limitation, the ability to challenge class treatment on any grounds, as well as asserting any and all other potential defenses or privileges. The Class Representative and Class Counsel (as defined in Sections 2.8 and 2.5, respectively) agree that Defendant retains and reserves these rights, and agree not to argue or present any argument, and hereby waive any argument that, based on this settlement, Defendant cannot challenge claims and allegations in the Action upon any procedural or factual grounds, including, without limitation, challenging class treatment on any grounds or asserting any and all other potential defenses or privileges.

2. **DEFINITIONS.**

The following terms, when used in this settlement agreement, have the following meanings:

2.1 "Action" or "Instant Action" means the above stated action *Rodney Hoffman v. Blattner Energy, Inc.*, Case No. 5:14-CV-2195-DMG-DTBx, currently pending in United States District Court for the Central District of California.

2.2 "Answer" means Defendant's Answer to Plaintiff's First Amended Complaint, filed with this Court on or about June 23, 2015.

2.3 "Claim Amount" means an individual Class Member's potential allocation of the Net Settlement Amount, as defined in Section 2.20.

2.4 "Class" means all current and former non-exempt employees of Blattner Energy, Inc. who worked on construction projects in California and were paid on an hourly basis from September 24, 2010 through (i) preliminary approval of the Settlement by the Court, or (ii) September 3, 2017, whichever is earlier.

2.5 "Class Counsel" means the Law Offices of Kenneth H. Yoon and Justice Law Corporation.

JOINT STIPULATION OF SETTLEMENT AND RELEASE

**EXHIBIT A**

2.6 "Class Member" means each person eligible to participate in this settlement who is a member of the Class defined above. There are approximately 3,000 Class Members.

2.7 "Class Period" means September 24, 2010 through the Preliminary Approval Date, or September 3, 2017, whichever is earlier.

2.8 "Class Representative" is Plaintiff Rodney Hoffman.

2.9 "Class Representative's Released Claims" means any and all claims, obligations, demands, actions, rights, causes of action, and liabilities against the Releasees (as defined below), of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether known or unknown, and whether anticipated or unanticipated, including unknown claims covered by Civil Code § 1542, as quoted below, by the Class Representative, arising during the period from the beginning of the Class Representative's date of employment with Defendant to the date the Court enters the order granting final approval of the settlement, for any type of relief, including, without limitation, claims for wages, damages, unpaid costs, penalties (including civil and waiting time penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief with the sole exception of any claims which cannot be released as a matter of law. The Class Representative's Released Claims include, but are not limited to, the Released Claims, as well as any other claims under any provision of the Fair Labor Standards Act, the California Labor Code (including sections 132a, 4553 *et seq*.) or any applicable California Industrial Welfare Commission Wage Orders, and claims under state or federal discrimination statutes, including, without limitation, the California Fair Employment and Housing Act, California Government Code § 12940 *et seq*.; the Unruh Civil Rights Act, California Civil Code § 51 *et seq*.; the California Constitution; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*.; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*.; the Age Discrimination in

**11** 4

**EXHIBIT A**

Employment Act of 1967, as amended; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*.; and all of their implementing regulations and interpretive guidelines.  The Class Representative's Released Claims exclude claims for workers' compensation or unemployment insurance benefits.  Class Representative further agrees that he shall not seek employment or re-employment in any capacity with Blattner or the Released Parties, and Blattner and the Released Parties shall not at any time be under any obligation to employ or engage him.

2.10  "Court" means the United States District Court for the Central District of California.

2.11  "Data Dispute Form" shall mean the document substantially in the form attached hereto as Exhibit 2.

2.12  "Data Dispute Deadline" shall mean forty-five (45) calendar days from the initial mailing of the Notice Packet.

2.13  "Defendant's Counsel" means Littler Mendelson, PC.

2.14  "Enhancement Payment" means the amount approved by the Court to be paid to the Class Representative, not to exceed $15,000.00, in addition to his respective Claim Amount as a Qualified Claimant, in recognition of his efforts in coming forward as a Class Representative.  The Enhancement Payment shall be considered non-wages for which an appropriate IRS Form 1099 will be issued to the Class Representative.

2.15  "Final Approval Date" means the date by which this Settlement is finally approved as provided herein and the District Court's Final Judgment becomes binding. For purposes of this Agreement, the Final Judgment becomes binding upon the later of: (i) the day after the last day by which a notice of appeal to the Ninth Circuit Court of Appeals may be timely filed and none is filed; (ii) if an appeal is filed, and the appeal is finally disposed of by ruling, dismissal, denial or otherwise, the day after the last date for filing a request for further review of the Court of Appeals' decision passes, and no further review is requested; (iii) if an appeal is filed and there is a final disposition by

ruling, dismissal, denial, or otherwise by the Court of Appeals, and further review of the Court of Appeals' decision is requested, the day after the request for review is denied with prejudice and/or no further review of the judgment can be requested, or (iv) if review is accepted, the day the United States Supreme Court affirms the Settlement.

2.16   "Final Approval and Fairness Hearing" means the hearing set by the Court to (a) review the settlement and determine whether the Court should give final approval to this settlement, (b) consider any timely objections made pursuant to Section 6.4.5 of this settlement, and all responses by the Parties, (c) consider the request for attorneys' fees and expenses submitted by Class Counsel, (d) consider the Settlement Administrator's Settlement Administration Costs, (e) consider the PAGA payment to the State of California LWDA and (e) consider the Class Representative's application for an Enhancement Payment.

2.17   "Final Judgment" shall mean the order granting final approval of the settlement and judgment entered by the Court.

2.18   "First Amended Complaint" means the operative First Amended Complaint for Damages on file with the Court.

2.19   "Gross Settlement Amount" is the sum of Three Million Five Hundred Thousand U.S. Dollars ($3,500,000.00), which represents the total amount payable in this settlement by Defendant, and includes without limitation the Settlement Administration Costs, attorneys' fees, litigation costs, the Class Representative Enhancement Payment, PAGA Payment, and the employer's share of payroll taxes.

2.20   "Net Settlement Amount" is the remaining portion of the Gross Settlement Amount available for distribution to Qualified Claimants after deduction of Court approved attorneys' fees and litigation costs, Settlement Administration Costs, the Enhancement Payment to the Class Representative, and the State of California's portion of the PAGA Payment.

2.21   "Notice of Settlement" means the document substantially in the form attached hereto as Exhibit 1.

**13** 6

**EXHIBIT A**

2.22   "Notice Packet" means the Notice of Settlement and Data Dispute Form.

2.23   "PAGA Payment" means One Hundred and Five Thousand U.S. Dollars ($105,000.00) of the Gross Settlement Amount to be allocated to claims under the Labor Code Private Attorney General Act of 2004, California Labor Code §§ 2698 *et seq.*, which includes Seventy-Eight Thousand, Seven Hundred and Fifty U.S. Dollars ($78,750) being awarded to the State of California, subject to Court approval, and which also includes Twenty-Six Thousand, Two Hundred and Fifty U.S. Dollars ($26,250) being awarded to Qualified Claimants by including that sum in the Net Settlement Amount, subject to Court approval.

2.24   "Plaintiff" is Rodney Hoffman.

2.25   "Preliminary Approval Date" means the date the Court approves the settlement, and the exhibits thereto, and enters an order providing for notice to the Class, an opportunity to opt out of the Class, an opportunity to submit timely objections to the settlement, a procedure for submitting Data Dispute Forms, and setting a hearing on the fairness of the terms of settlement, including approval of attorneys' fees and costs.

2.26   "Procedural Order" means the document substantially in the form attached hereto as Exhibit 3.

2.27   "QSF" or "Qualified Settlement Fund" means the Qualified Settlement Fund set up by the Settlement Administrator for the benefit of the Qualified Claimants and from which the settlement payments shall be made.

2.28   "Qualified Claimant" means any and all Class Members who do not submit a timely and correctly completed request for exclusion, as set forth in Section 6.4.4.

2.29   "Released Claims" means any and all claims, actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities, of any nature and description whatsoever, brought on behalf of the Class in the First Amended Complaint, or which could have been pled based on the facts alleged in the First Amended Complaint in this matter, including but not limited to: violation of Labor Code sections

**14**   7

**EXHIBIT A**

226.7 and 512 (meals and rest periods), violation of Labor Code sections 510 and 1194 (overtime wages), violation of Labor Code sections 1771, 1774 and 1194 (prevailing wages), violation of Labor Code section 203 (waiting time penalties), violation of Labor Code section 226 (record keeping and wage statements), violation of Labor Code section 2698 (Private Attorneys General Act) premised on violations of Labor Code §§ 201-204, 226(a), 226.7, 510, 512(a), 558, 1174(d), 1194, 1197, 1197.1, 1198, or 2802, and violation of Business & Professions Code section 17200, *et seq.* (Unfair Business Practices and Unfair Competition) premised on violation of Labor Code §§ 226.7, 512, 510, 1194, 1171, 1174, or 1194. The Released Claims are those that arise from or relate to the same set of operative facts as set forth in the First Amended Complaint and accrued during the Class Period.

2.30 "Releasees" means Defendant and any related entities and all of its respective former, present, and future owners, parents, subsidiaries, affiliates, divisions, related entities, joint venturers, partners, corporations in common control, co-employers, service providers, predecessors, successors, and assigns, and past, present, and future officers, directors, employees, partners, shareholder, agents, associates, representatives, attorneys, insurers, and any other successors, assigns, or legal representatives of any of them.

2.31 "Settlement Administration Costs" means the fees and expenses reasonably incurred by the Settlement Administrator as a result of the procedures and processes expressly required by this settlement, and shall include all costs of administering the settlement, including, but not limited to, all tax document preparation, custodial fees, and accounting fees incurred by the Settlement Administrator; all costs and fees associated with preparing, issuing and mailing any and all notices of settlement and other settlement correspondence to Class Members and/or Qualified Claimants; all costs and fees associated with communicating with Class Members, Class Counsel, and Defendant's Counsel regarding settlement; all costs and fees associated with computing, processing, reviewing, and paying the Claim Amounts, and resolving

**15**   8

disputed claims; all costs and fees associated with calculating tax withholdings and payroll taxes, working with Defendant so that related payment to federal and state tax authorities can be made, and printing tax forms relating to payments made under the settlement; all costs and fees associated with preparing any tax returns and any other filings required by any governmental taxing authority or agency; all costs and fees associated with preparing any other notices, reports, or filings to be prepared in the course of administering Claim Amounts; and any other costs and fees incurred and/or charged by the Settlement Administrator in connection with the execution of its duties under this Stipulation.

2.32 "Settlement Administrator" means and refers to Phoenix Settlement Administrators, the entity that will be responsible for the administration of the Settlement and related matters as described in this settlement.

2.33 "Settling Plaintiffs" means all Class Members who do not timely send a signed and returned valid request for exclusion to the Settlement Administrator.

## 3. DESCRIPTION OF THE LITIGATION.

3.1 This action was brought by a former employee of Defendant alleging the following: (1) violation of Labor Code §§ 226.7 and 512 regarding unpaid meal and rest period premium wages, (2) violation of Labor Code §§ 510 and 1194 regarding unpaid overtime and minimum wages, (3) violation of Labor Code § 203 regarding waiting time penalties, (4) violation of Labor Code § 226 regarding recordkeeping; (5) violation of Labor Code section 2698 *et seq.*; and (6) Business and Professions Code section 17200 *et seq*.

3.2 Through discovery, Defendant provided Class Counsel with copies of all applicable versions of their personnel and payroll policies as well as records relating to employees' hours worked and wages paid.   Class Counsel also conducted the depositions of Defendant's Persons Most Qualified.

**16**  9

**EXHIBIT A**

3.3     On April 25, 2017, the Parties attended a full-day mediation session with Hon. Edward Infante, resulting in a mediator's proposal that was ultimately accepted by the Parties on May 8, 2017.

3.4     The agreed-upon settlement was reached after evaluating the Parties' theories of potential exposure for the underlying claims, as well as Plaintiff's claims for interest and penalties.  The Parties, with the assistance of Judge Infante, also assessed appropriate discounts to the potential liability based on Defendant's contentions and defenses.

3.5     The Parties agree that the above-described investigation and evaluation, as well as discovery and the information exchanged during the settlement negotiations, are more than sufficient to assess the merits of the respective Parties' positions and to compromise the issues on a fair and equitable basis.

4.      **BENEFITS OF THE SETTLEMENT TO THE PROPOSED CLASS.**

4.1     Based on their own independent investigations and evaluations, Class Counsel are of the opinion that the settlement with Defendant for the consideration and terms set forth below, in view of the Class Representative's and average Class Members' claims and the risk of loss, is fair, reasonable, and adequate in light of all known facts and circumstances, and is in the best interests of the Class.  Class Counsel are also of the opinion that the total consideration and payment set forth in this settlement is adequate in light of the uncertainties surrounding the risk of further litigation and the defenses that Defendant has asserted and could assert.

4.2     Class Counsel has weighed the monetary benefit under the settlement to the Class against the expenses and length of continued proceedings that would be necessary to prosecute the Action against Defendant through trial and possible appeals. Class Counsel have also taken into account the uncertain outcome and risk of any litigation, especially in complex actions such as class actions, as well as the difficulties and delay inherent in such litigation.  Therefore, Class Counsel has determined that the settlement is in the best interests of the Class.

1  **5.    DEFENDANT'S RESERVATION OF RIGHTS.**

2      5.1    Neither this settlement, nor any document referred to in it, nor any actions

3  taken pursuant to this settlement, is or shall be claimed to be, construed as, or deemed

4  to be, an admission by Defendant of the truth of any of the allegations in the Complaint

5  and First Amended Complaint, the propriety of class treatment, the validity of any of

6  the claims that were or could have been asserted by the Class Representative and/or

7  Class Members in the Action, or of any liability or guilt of Defendant in the Action.

8  There has been no final determination by any court as to the merits of the claims

9  asserted by Plaintiff against Defendant.

10      5.2    Defendant specifically and generally denies any and all liability or

11  wrongdoing of any sort with regard to any of the claims alleged, makes no concessions

12  or admissions of liability of any sort, and contends that for any purpose other than

13  settlement, the Action is not appropriate for class action treatment.   Nonetheless,

14  Defendant has concluded that further conduct of the Action would be undesirable, and

15  Defendant wants the Action to be fully and finally settled in the manner and upon the

16  terms and conditions set forth in this settlement.  Defendant has also taken into account

17  the uncertainty and risks inherent in any litigation.  Defendant therefore desires to settle

18  the Action in the manner and upon the terms and conditions set forth in this settlement.

19      5.3    Defendant will stipulate to the certification of the Class' claims for

20  settlement purposes only.   Defendant disputes that certification is proper for the

21  purposes of litigating the Class' claims proposed in or flowing from the First Amended

22  Complaint.

23  **6.    OPERATIVE TERMS OF SETTLEMENT.**

24  The Parties to this Action agree as follows:

25      6.1    <u>Cooperation</u>.   The Parties will cooperate in obtaining, through written

26  stipulation or unopposed motion if a motion is required, an order from the Court

27  approving the settlement.  The Parties agree to use their best efforts to expedite the

28  preparation and submission of the settlement and related documents.   The Parties

**18**   11

**EXHIBIT A**

further agree to fully cooperate in the drafting and/or filing of any further documents or filings reasonably necessary to be prepared or filed, shall take all steps that may be requested by the Court or that are otherwise necessary to the approval and implementation of this settlement, and shall otherwise use their respective best efforts to obtain Court approval of this settlement.

6.2   <u>Preliminary Approval</u>.

6.2.1   The Parties will seek to obtain the Court's preliminary approval of the settlement.   The Parties will submit this settlement to the Court for preliminary approval of its terms and for approval of the steps to be taken to obtain its final approval.   The Parties will request that the Court's preliminary approval of this settlement be embodied in a Procedural Order, a proposed form of which is attached as Exhibit 3.

6.3   <u>Notice to Class Members</u>.  The Settlement Administrator shall disseminate the Notice Packet in the manner described below, with the Settlement Administration Costs being paid from the Gross Settlement Amount.

6.3.1   No later than ten (10) calendar days after the entry of the Procedural Order, Defendant shall provide the Settlement Administrator with the name, last known mailing address, last known telephone number, Social Security Number, dates the Class Member was actively employed as a non-exempt employee of Defendant in California during the Class Period, and the start and end dates of employment.  Any pay periods during which a Class Member was employed by Defendant but not actively employed as a member of the Class (for example, while classified as exempt, while on a leave of absence, outside California, etc.) shall be excluded.  No later than ten (10) calendar days after receipt of such address information, the Settlement Administrator will perform a national change of address ("NCOA") search, update the addresses per the results of the NCOA search, and then mail the Notice of settlement and Data Dispute Form, substantially in the forms attached as Exhibits 1 and 2, respectively, to each Class Member by first-class mail, postage prepaid.

**19**   12

1    6.3.2  In the event that a Notice Packet sent by mail is returned as

2    undeliverable, the Settlement Administrator will make reasonable efforts to obtain a

3    valid mailing address by using the social security of the class member and standard skip

4    tracing devices to conduct a search for a correct mailing address and by contacting

5    Class Counsel and Defendant through Defendant's Counsel.  Such efforts shall include

6    conducting a reasonable search for the correct address whose Notice Packet is returned

7    as undeliverable.  The Settlement Administrator shall make one (1) attempt to re-mail

8    the Notice Packet within fourteen (14) calendar days from the date of the return of the

9    Notice Packet.  Following each search that results in a corrected address, the Settlement

10   Administrator shall promptly resend the original Notice Packet to the Class Member by

11   first-class mail, postage prepaid.  In any event, such efforts must be completed no less

12   than fourteen (14) days before the date of the Final Approval and Fairness Hearing.

13   Following each search that results in no corrected address, the Settlement Administrator

14   shall resend the Notice Packet to the Class Member, postage prepaid, to the original

15   address; only one (1) such re-mailing to the same address shall ever occur, per address.

16   6.3.3  Class Counsel shall cooperate in good faith with the Settlement

17   Administrator's reasonable efforts to obtain valid mailing addresses for Class Members.

18   Defendant shall cooperate in good faith with the Settlement Administrator's reasonable

19   efforts to obtain valid mailing addresses for Class Members to the extent they were

20   active employees of Defendant at the time of the Procedural Order or are active

21   employees at the time of any request made by the Settlement Administrator.

22   6.3.4  All costs of mailing of the Notice Packet, whether foreseen or not,

23   shall be paid from the Gross Settlement Amount, including the cost of searching for

24   Class Members' addresses as provided in Section 6.3.2.  All other reasonable costs of

25   the Settlement Administrator shall also be paid from the Gross Settlement Amount.

26   6.3.5  No later than fourteen (14) calendar days prior to the date of the

27   Final Approval and Fairness Hearing, the Settlement Administrator shall file a

28

**20**  13

**EXHIBIT A**

1   declaration under penalty of perjury advising the Court that the requirements of

2   Sections 6.3 and 6.4 of this settlement have been fulfilled.

3         6.3.6   Compliance with these procedures shall constitute due and sufficient

4   notice to Class Members of this settlement and shall satisfy the requirement of due

5   process.   Nothing else shall be required of, or done by, the Parties, Class Counsel, and

6   Defendant's Counsel to provide notice of the proposed Settlement.

7         6.4   <u>Responses to Notice</u>

8         6.4.1   The Notice Packet shall provide Class Members with information as

9   to how they may challenge the information in the Data Dispute Form.   Class Members

10   will have until the Data Dispute Deadline within which to complete and postmark their

11   Data Dispute Form for return to the Settlement Administrator.   Except as provided by

12   Section 6.4.2 and 6.4.3, no Data Dispute Forms will be honored if postmarked after the

13   Data Dispute Deadline.

14         6.4.2   For Class Members who are re-mailed the Notice Packet due to it

15   being undeliverable, the deadline by which to submit a Data Dispute Form, file an

16   objection, or submit a request for exclusion will be the later of (i) fourteen (14) calendar

17   days from the date the Notice Packet was re-mailed, or (ii) the Data Dispute Deadline.

18         6.4.3   If a Data Dispute Form is timely submitted, but is deficient or

19   incomplete, the Settlement Administrator will return the Data Dispute Form (or, if

20   deemed necessary, a new Data Dispute Form) to the Class Member within five (5)

21   business days of receipt of the Data Dispute Form with a deficiency notice explaining

22   the deficiencies and stating that the Class Member will have ten (10) calendar days

23   from the date of the deficiency notice to correct the deficiencies and resubmit the Data

24   Dispute Form.   Neither the Parties nor any of their counsel shall discourage any Class

25   Member from submitting a Data Dispute Form.

26         6.4.4   Class Members, with the exception of the Class Representative, may

27   opt-out of the settlement.   Class Members who wish to exercise this option must (i)

28   submit a request for exclusion to the Settlement Administrator as provided in this

1    section, or (ii) have been one of the five previously submitted exclusion requests as part

2    of the Court's June 15, 2016 Order Re: Plaintiff's Motion for Class Certification (DE

3    91).  The request for exclusion must (a) be in writing; (b) state the name, address and

4    telephone number of the Class Member; (c) state either the Class Member's

5    approximate years of employment with Defendant or the employee identification

6    number given to the Class Member by Defendant; (d) request exclusion from the Class

7    saying words to the effect of "I wish to opt out of the Class in: Hoffman v. Blattner

8    Energy, Inc."; (e) be sent via U.S. Mail post-marked no later than the Data Dispute

9    Deadline; and (f) be signed and dated with return address or contact information.  No

10   request for exclusion may be made on behalf of a group of members of the Class.  The

11   date of the postmark on the return-mailing envelope shall be the exclusive means used

12   to determine whether a request for exclusion has been timely submitted.  By submitting

13   such a Request for Exclusion, a Class Member shall be deemed to have exercised his or

14   her option to opt out of the class action lawsuit.  Any member of the Class who requests

15   exclusion from the settlement will not be entitled to any share of the settlement, will not

16   be bound by the settlement, and will not have any right to object, appeal or comment

17   thereon.   Members of the Class who fail to submit a valid and timely request for

18   exclusion shall be bound by all terms of the settlement and the Final Judgment entered

19   in this Action, regardless of whether they otherwise have requested exclusion from the

20   settlement.  No later than fourteen (14) days before the Final Approval and Fairness

21   Hearing, the Settlement Administrator shall file a declaration under penalty of perjury

22   advising the Court with a complete list of all members of the Class who have timely

23   requested exclusion from the settlement.

24          6.4.5 Any person who does not request exclusion but who wishes to

25   object or otherwise be heard concerning this settlement must provide the Court and

26   Class Counsel with written notice of his or her intent to object to this settlement and/or

27   appear at the Final Approval and Fairness Hearing as provided in this section.  To be

28   considered timely, the notice must be sent to the Settlement Administrator via U.S. Mail

JOINT STIPULATION OF SETTLEMENT AND RELEASE

**EXHIBIT A**

and postmarked no later than the Data Dispute Deadline.  The Settlement Administrator shall forward each notice of intent to object and/or appear to Class Counsel and Defendant's Counsel, who are jointly responsible to have all such notices filed with the Court. The notice must set forth any and all objections to this settlement and include any supporting papers and arguments.  Any person who fails to submit such a timely written notice shall be barred from making any statement objecting to this settlement, including at said hearing, and shall forever waive his or her objection, except by special permission of the Court.  Either of the Parties may file a responsive document to any notice of intent to object or appear with the Court no later than five business (5) days before the Final Approval and Fairness Hearing.  Any person who objects to the settlement shall be bound by the order of the Court.

6.4.6  If any individual whose name does not appear on the updated class list provided to the Settlement Administrator believes that he or she is a member of the Class, he or she shall have the opportunity to dispute his or her exclusion from the Class.  If an individual believes he or she is a member of the Class, he or she must notify the Settlement Administrator in writing no later than the Data Dispute Deadline. The Parties will meet and confer regarding any such individuals in an attempt to reach an agreement as to whether any such individual should be regarded as a member of the Class.  If the Parties so agree, the Settlement Administrator will mail a Notice Packet to the individual, and treat the individual as a member of the Class for all other purposes. Such an individual will have all of the same rights as any other member of the Class under this agreement.

6.4.7  If two and one-half percent (2.5%) or more of the total number of Class Members submit timely and valid requests for exclusion, then Defendant shall have the option to void the settlement.  Defendant must exercise this option within fourteen (14) calendar days of receiving a report from the Settlement Administrator showing the total number of timely and valid requests for exclusion exceeding 2.5% of

Class Members.  If Defendant chooses to exercise this option, the effect will be precisely the same as if final approval did not occur, as discussed herein.

6.4.8  Neither the Parties nor their respective counsel will solicit or otherwise encourage any Class Member, directly or indirectly, to request exclusion from the settlement or object to the settlement.

6.5    Data Dispute Procedures

6.5.1  Any Qualified Claimant who disputes the number of pay periods listed on the Data Dispute Form shall complete the Data Dispute Form and provide the completed form together with any supporting information or documentation to the Settlement Administrator by the Data Dispute Deadline.  A Data Dispute Form will be deemed submitted (a) when postmarked, if it is mailed by first-class, registered, or certified mail, postage prepaid, addressed in accordance with the instructions on the form, or (b) if otherwise submitted, when it is actually received at the address designated on the form.  If a Qualified Claimant does not timely dispute the information contained in the Data Dispute Form, the information contained in the Data Dispute Form mailed to the Qualified Claimant shall govern the calculation of his or her entitlement under the Settlement.

6.5.2  Defendant shall review and respond to each submitted Data Dispute Form disputing the number of pay periods within ten (10) calendar days of receipt, and shall transmit a copy of its response to the Settlement Administrator.  Defendant's response shall state whether Defendant agrees with or disputes the information provided in the Data Dispute Form.

(a)    If Defendant agrees with all of the information provided in the Data Dispute Form disputing the number of pay periods, the information and documentation provided by the Qualified Claimant and attached to the Data Dispute Form shall govern the calculation of the entitlement under the Settlement of the person whose employment information is listed in the Data Dispute Form.

JOINT STIPULATION OF SETTLEMENT AND RELEASE

**EXHIBIT A**

(b)    If Defendant disagrees with any of the information provided in a Data Dispute Form disputing the number of pay periods, it shall follow the procedure set forth in Section 6.5.3 of this Settlement.

6.5.3  In the event that Defendant disagrees with the information provided in a Data Dispute Form disputing the date of employment, Defendant's Counsel will promptly advise Class Counsel in writing of the dispute and provide Class Counsel with copies of all information relevant to the dispute.  Copies of all Data Dispute Forms and correspondence with the person(s) submitting Data Dispute Forms shall be made available to Class Counsel upon request.  Defendant's Counsel and Class Counsel shall attempt in good faith to resolve any such dispute within ten (10) calendar days of Class Counsel's receipt of Defendant's Counsel's notice of a dispute as to the Data Dispute Form. Class Counsel shall have full discretion on behalf of the Qualified Claimants to resolve such disputes with Defendant's Counsel, except that any and all payments relating to the disputed entitlement must be from the Net Settlement Amount.

6.5.4  In the event the Parties are unable to resolve any dispute under this section, the Settlement Administrator shall review all information, material and documents provided by the claimant, Class Counsel, and/or Defendant's Counsel, and make a recommendation, including a summary of the facts, regarding the dispute.  This summary of facts and recommendation shall then be submitted to the Court for a final unappealable decision to be made at the time of final approval.

6.6    Application for Attorneys' Fees and Expenses.  Class Counsel shall apply to the Court for an award of fees from the Gross Settlement Amount in an amount not to exceed $1,116,666.67 (thirty three and one-third percent of the Gross Settlement Amount) and actual costs.  Defendant agrees not to oppose Class Counsel's application for fees and expenses provided the application is made consistent with this section.  To the extent the Court awards less than this amount, the remainder shall be distributed to the Qualified Claimants.

JOINT STIPULATION OF SETTLEMENT AND RELEASE

**EXHIBIT A**

6.7     Application for Enhancement Payment.

6.8     Class Counsel, on behalf of Plaintiff, shall apply to the Court for an Enhancement Payment from the Gross Settlement Amount on his behalf, per the Court's direction, or no later than the same day as Plaintiff files his anticipated Motion for Final Approval of Class Action Settlement.  To the extent the Court awards less than this amount, the remainder shall be distributed to the Qualified Claimants.

6.8.1  Any request for an Enhancement Payment may be supported by a declaration from the Class Representative seeking payment and outlining the burdens and obligations assumed in connection his role as a Class Representative.  Defendant agrees not to oppose Class Representative's application for the Enhancement Payment provided the application is made consistent with this Agreement.

6.9     Final Approval and Fairness Hearing.

6.9.1  On the date set forth in the Notice Packet, the Court shall hold the Final Approval and Fairness Hearing where objections, if any, may be heard.

6.10    Final Judgment.   If the Court approves this settlement at the Final Approval and Fairness Hearing, the Parties request that the Court enter the Final Judgment after the Gross Settlement Amount is fully funded.

6.11    Allocation of the Net Settlement Amount

6.11.1  Each Class Member's Claim Amount shall be determined based on the number of pay periods that the Class Member was a member of the Class during the Class Period divided by the total number of pay periods that every Class Member was a member of the Class during the Class Period multiplied by the Net Settlement Amount. Pay periods worked after June 15, 2016 shall be weighted at 0.5x of those pay periods worked prior and including to June 15, 2016.  Pay periods shall be all pay periods within which a Class Member was considered actively employed by Defendant as a member of the Class for any length of time in California during the Class Period.  Thus, any pay periods during which a Class Member was employed by Defendant but not actively employed as a member of the Class (for example, while classified as exempt,

**26**  <sub>19</sub>

while on a leave of absence, while outside California, etc.) are not included as pay periods.  There will be no reversion of any of the Gross Settlement Amount or Net Settlement Amount to Defendant. The calculation of a Class Member's pay periods and a determination as to whether a Class Member was actively employed as a member of the Class in a particular pay period shall be construed from Defendant's records. Fractional pay periods shall all be rounded up to the nearest whole number.

6.11.2  All Qualified Claimants will receive their Claim Amount, such that 100% of the Net Settlement Amount will be paid.

6.11.3  The Parties recognize that the Claim Amounts to be paid to Class Members reflect settlement of a dispute over claimed wages, interest, premiums and penalties.  All Claim Amounts to Qualified Claimants are allocated as follows:

(a)  Twenty-five percent (25%) of the Claim Amounts shall be allocated for payment of disputed wages to Qualified Claimants.  For this portion of the Claim Amounts, Qualified Claimants shall receive a W-2 form.

(b)  Seventy-five percent (75%) of the Claim Amounts shall be allocated for disputed penalties and interest.  This portion of the Claim Amounts consists of other income, not wages, for which the Qualified Claimants shall receive a 1099 form as and if required by law.

6.11.4  The Employers' Share of Payroll Taxes will be paid from the Gross Settlement Amount.

(a)  The Settlement Administrator will prepare W-2's as part of this settlement.  Pursuant to its duties and undertakings set forth in Section 2.31, the Settlement Administrator shall work with Defendant to ensure that all monies and information needed to remit and report the applicable portions of the payroll tax payment to the appropriate taxing authorities are provided on a timely basis.  Defendant agrees to reasonably cooperate with the Settlement Administrator to the extent

**27**

**EXHIBIT A**

necessary to determine the amount of the payroll tax payment required under this section.

(b)    Other than the withholding and reporting requirements set forth in Sections 2.31 and 6.11, Qualified Claimants shall be solely responsible for the reporting and payment of their share of any federal, state and/or municipal income or other taxes on payments made pursuant to this Settlement.  No party has made any representation to any of the other Parties as to the taxability of any payments pursuant to this Settlement, including the payments to Class Members, the payments to Class Counsel, the payments to the Class Representative, the payroll tax liability of Defendant, or the allocation of Settlement proceeds to wage and non-wage income as provided in Section 6.11.3, or otherwise as to tax implications of any provision of this Settlement.

6.12    Distribution of Settlement Proceeds

6.12.1 Within fifteen (15) business days after the Final Approval Date, Defendants shall electronically wire the entire Gross Settlement Amount to the Settlement Administrator.  The final and complete delivery by Defendant to the Settlement Administrator of the Gross Settlement Amount shall constitute full and complete discharge of the entire obligation of Defendant under this Settlement. No Released Party shall have any further obligation or liability to Class Counsel, Class Representative, or Settling Plaintiff;

6.12.2 Within fifteen days (15 days) after wire receipt of said funds, the Settlement Administrator shall promptly deduct and pay (and, if available, electronically wire) from the Gross Settlement Amount (1) all Court-awarded attorney's fees and costs; (2) the Enhancement Payment; (3) State of California's portion of the PAGA Payment; and (4) Settlement Administration Costs.  Following deduction of the amount of such payments, the Settlement Administrator shall deposit the remaining

**EXHIBIT A**

amount into the QSF and calculate and make payments to the Qualified Claimants in accordance with this Agreement.

(a) The Settlement Administrator shall wire the Court-approved attorneys' fees and costs to Class Counsel. Class Counsel shall provide the Settlement Administrator with the pertinent taxpayer identification number and wire instructions within two (2) business days after the Final Approval Date, if not earlier.

(b) The Settlement Administrator shall send a check by mail for the Court-approved Enhancement Payment to the Class Representative, care of Class Counsel.

6.12.3 Within thirty (30) days of the Final Approval Date, as defined herein, the Settlement Administrator shall issue Claim Amounts to Qualified Claimants in the form of a check, which shall become null and void if not deposited within ninety (90) days of issuance. After ninety (90) days of issuance, funds from undeposited checks will be held by the Settlement Administrator; if the Class Member to whom the undeposited check is issued does not contact Class Counsel or the Settlement Administrator concerning his or her settlement payment within one-hundred eighty (180) days of issuance of the payment, the amount of that Class Member's Claim Amount that has remained undeposited as of that time shall be transmitted to the California Department of Industrial Relations, to be held and disposed of by the Controller under California's Unclaimed Property Law. The failure by a Class Member to claim or deposit any check issued by the Settlement Administrator shall have no effect on that Class Member's release of all Released Claims as set forth herein.

6.12.4 No person shall have any claim against the Settlement Administrator, Defendant or any of the Released Parties, the Class Representative, the Class Members, or Class Counsel based on distribution or payments made substantially in accordance with this Settlement, or further orders of this Court. The Settlement Administrator, however, shall be licensed and bonded in an amount sufficient to cover any claims against it.

**EXHIBIT A**

1    6.13   Release of Claims

2         6.13.1 Upon full and final payment by Defendant of the Gross Settlement

3    Amount consistent with Section 6.12.1, Class Representative and each Class Member

4    shall be deemed to have fully, finally, and forever released the Releasees from all

5    Released Claims.

6         6.13.2 In addition, upon full and final payment by Defendant of the Gross

7    Settlement Amount consistent with Section 6.12.1, the Class Representative shall be

8    deemed to have fully, finally, and forever released the Released Parties from the Class

9    Representative's Released Claims.

10        6.13.3 With respect to the Released Claims and Class Representative's

11   Released Claims, the Settling Plaintiffs and Class Representative shall be deemed to

12   have expressly waived and relinquished, to the fullest extent permitted by law, the

13   provisions, rights, and benefits they may otherwise have had pursuant to § 1542 of the

14   California Civil Code, which provides as follows:

15        A general release does not extend to claims which the creditor
16        does not know or suspect to exist in his or her favor at the
     time of executing the release, which if known to him or her
17        must have materially affected his or her settlement with the
     debtor.

18   6.14   Miscellaneous Provisions

19        6.14.1 Unless otherwise specifically provided herein, all notices, demands,

20   or other communications given hereunder shall be in writing and shall be deemed to

21   have been duly given as of the third business day after mailing by United States

22   certified mail, return receipt requested, addressed as follows:

23        To the Plaintiff and the Class:
     Kenneth H. Yoon, Esq.
24        Stephanie E. Yasuda, Esq.
     Law Offices of Kenneth H. Yoon
25        One Wilshire Boulevard, Suite 2200
     Los Angeles, CA 90017
26
     Douglas Han, Esq.
27        Shunt Tatavos-Gharajeh, Esq.
     Daniel J. Park, Esq.
28        Justice Law Corporation

**30**   23

**EXHIBIT A**

411 North Central Avenue
Suite 500
Glendale, CA 91203

To Defendant:

Julie A. Dunne, Esq.
Dominic J. Messiha, Esq.
Littler Mendelson, PC
2049 Century Park East, Suite 500
Los Angeles CA 90067

6.14.2  The Parties hereto agree that the terms and conditions of this settlement are the result of lengthy, intensive, arm's-length negotiations between the Parties and that this settlement  shall not be construed in favor of or against any party by reason of the extent to which any party or its counsel participated in the drafting of this settlement.

6.14.3  The Class Representative, by signing this settlement, is bound by the terms herein and further agrees not to request to be excluded from the settlement and not to object to any terms of this settlement.  Any such request for exclusion or objection shall therefore be void and of no force or effect.  Defendant, Class Counsel, and the Class Representative waive their rights to file an appeal, writ, or any challenge whatsoever to the terms of this settlement.

6.14.4  Neither Class Counsel nor any other attorneys acting for, or purporting to act for, the Class, Class Members, or the Class Representative, may recover or seek to recover any amounts for fees, costs, or disbursements from the Releasees or the settlement except as expressly provided herein.

6.14.5  This settlement may not be changed, altered, or modified, except in writing signed by the Parties hereto and approved by the Court.  This settlement may not be discharged except by performance in accordance with its terms or by a writing used by the Parties hereto.

6.14.6  This agreement, including exhibits, constitutes the full, complete and entire understanding, agreement and arrangement between the Class Representative and Settling Plaintiffs on the one hand and Defendant on the other hand with respect to

**31**   24

**EXHIBIT A**

the settlement of the Action and Released Claims against Defendant.  Except those set forth expressly in the Agreement, there are no other agreements, covenants, promises, representations or arrangements between the Parties with respect to the settlement of the Action and the Released Claims against Defendant.

6.14.7 This settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, Settlement Administrators, successors, and assigns.

6.14.8 This settlement shall become effective upon its execution by the Class Representative.  The Class Representative, Class Counsel, Defendant and Defendant's Counsel may execute this settlement in counterparts, and execution of counterparts shall have the same force and effect as if each had signed the same instrument.

6.14.9 In the event that one or more of the Settling Parties to this settlement institutes any legal action, arbitration, or other proceeding to enforce the provisions of this settlement or to declare rights and/or obligations under this settlement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.  Notwithstanding the entry of Final Judgment, the Court shall retain jurisdiction of this matter for purposes of interpreting and enforcing the terms of this Agreement and the judgment.

6.14.10  This settlement and the exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to have been wholly performed, in the State of California, and the rights and obligations of the Parties to the settlement shall be construed and enforced in accordance with, and governed by, the substantive laws of the State of California without giving effect to that State's choice of law principles.

6.14.11 Paragraph titles or captions contained in the settlement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement, or any provision thereof.

1    IN WITNESS WHEREOF, this settlement is executed by the Parties and

2  their duly authorized attorneys, as of the day and year herein set forth.

3

4  Dated: June___, 2017                    By: _____
                                                 *Rodney J Hoffman (Jun 15, 2017)*

5                                               Plaintiff

6

7  Dated: June ___, 2017                   By: _____

8

9                                               By: _____
                                               Its: _____
10                                              Defendant

11

12  APPROVED AS TO FORM AND CONTENT:

13                                          LAW OFFICES OF KENNETH H. YOON

14

15  Dated: June ___, 2017                   By: _____
16                                              KENNETH H. YOON
17                                              STEPHANIE E. YASUDA
                                                Attorneys for Plaintiff
18

19

20                                          JUSTICE LAW CORPORATION

21

22  Dated: June ___, 2017                   By: _____
23                                              DOUGLAS HAN
24                                              SHUNT TATAVOS-GHARAJEH
                                                DANIEL J. PARK
25                                              Attorneys for Plaintiff

26                                          LITTLER MENDELSON, PC

27

28

**33**   26

**EXHIBIT A**

1           IN WITNESS WHEREOF, this settlement is executed by the Parties and

2    their duly authorized attorneys, as of the day and year herein set forth.

3

4    Dated: June____, 2017           By: _____
                                   Rodney J Hoffman (Jun 15, 2017)

5                                   Plaintiff

6

7    Dated: June ____, 2017           By: _____

8

9                                   By: _____
                               Its: _____

10                                  Defendant

11

12   APPROVED AS TO FORM AND CONTENT:

13                                LAW OFFICES OF KENNETH H. YOON

14

15   Dated: June ____, 2017           By: _____

16                                  KENNETH H. YOON

17                                  STEPHANIE E. YASUDA
                               Attorneys for Plaintiff

18

19

20                                JUSTICE LAW CORPORATION

21

22   Dated: June 16, 2017           By: _____

23

24                                  DOUGLAS HAN
                               SHUNT TATAVOS-GHARAJEH

25                                  DANIEL J. PARK
                               Attorneys for Plaintiff

26

27                                LITTLER MENDELSON, PC

28

**EXHIBIT A**

1        IN WITNESS WHEREOF, this settlement is executed by the Parties and

2  their duly authorized attorneys, as of the day and year herein set forth.

3

4  Dated: June___, 2017            By: _____

5                           Plaintiff

6

7  Dated: June ___, 2017          By: _____

8

9                         By: _____

                         Its: _____

10                       Defendant

11

12  APPROVED AS TO FORM AND CONTENT:

13                     LAW OFFICES OF KENNETH H. YOON

14

15  Dated: June 16, 2017         By: _____

16                      KENNETH H. YOON

17                      STEPHANIE E. YASUDA

                      Attorneys for Plaintiff

18

19

20                     JUSTICE LAW CORPORATION

21

22  Dated: June ___, 2017         By: _____

23                      DOUGLAS HAN

24                      SHUNT TATAVOS-GHARAJEH

                      DANIEL J. PARK

25                      Attorneys for Plaintiff

26

27                     LITTLER MENDELSON, PC

28

**EXHIBIT A**

1

2   Dated: June ___, 2017                    By: _____

3                                                 DOMINIC J. MESSIHA
                                                  Attorneys for Defendant
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**36**  27

**EXHIBIT A**

*Hoffman v. Blattner Energy, Inc.*

United States District Court, Central District of California, Case No. 5:14-CV-2195-DMG-DTBx

**NOTICE TO CLASS MEMBERS OF PENDENCY OF CLASS ACTION SETTLEMENT AND NOTICE OF FINAL APPROVAL HEARING ON PROPOSED SETTLEMENT**

> To:  all current and former non-exempt employees of Blattner Energy, Inc. who worked on construction projects in California and were paid on an hourly basis from September 24, 2010 through <<Class Period End Date>> ("Class Period").

**PLEASE READ THIS NOTICE CAREFULLY**
**THIS MAY AFFECT YOUR LEGAL RIGHTS**

The purpose of this Notice ("Notice") is to inform you of the proposed settlement ("Settlement") in the above-entitled action ("Action") and your rights under it.  You have received this Notice because Blattner Energy, Inc.'s ("Blattner") records indicate that you are a Class Member and eligible to participate in the Settlement described in this Notice.  "Class Member" is defined in the Settlement as all current and former non-exempt employees of Blattner who worked on construction projects in California and were paid on an hourly basis during the Class Period.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | You will be paid your Claim Amount and you will give up any rights to bring the same claims against Blattner.  California law protects employees from retaliation based on their decision to participate in a class action settlement. |
| **DISPUTE/CHALLENGE THE NUMBER OF PAY PERIODS** | Challenge/Dispute the number of pay periods listed in your Data Dispute Form.  The Settlement Administrator may accept or reject your dispute. Receive your Claim Amount and give up any rights to sue for the same claims. |
| **EXCLUDE YOURSELF** | If you do not want to participate in the Settlement and receive your share of the settlement money, you may opt-out of any connection with this Action and retain any rights you may have against Blattner, as explained below. |
| **OBJECT** | If you do not exclude yourself you may object to the settlement by submitting an objection explaining why you do not agree with the Settlement.  The Court may or may not agree with your objection. |

| **HOW MUCH CAN I GET?** | Look at the shaded box at the top of the enclosed Data Dispute Form. |
|---|---|

**EXHIBIT A**

**THE FOLLOWING RECITATIONS DO NOT CONSTITUTE THE FINDINGS OF THE COURT NOR SHOULD THEY BE UNDERSTOOD TO BE AN EXPRESSION OF THE COURT'S VIEWS ON THE MERITS OF ANY CLAIM OR DEFENSE RAISED BY THE PARTIES.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT |
|---|

### 1. Why Did I Get This Notice?

Blattner's records indicate that you were a current or former non-exempt employee of Blattner and worked on construction project(s) in California and were paid on an hourly basis during the Class Period ("Class Member").

The United States District Court for the Central District of California (the "Court") preliminarily approved the Settlement on behalf of the Class.  The Court has not entered judgment and has not determined that there is any merit to Plaintiffs' claims or that Blattner engaged in any wrongdoing in this Action. The Court still has to decide whether to grant final approval of the Settlement.  If the Court grants final approval of the Settlement, and after any objections and appeals are resolved, a Settlement Administrator appointed by the Court will make the payments that the Settlement allows.

Plaintiff and Blattner, and their respective counsel, have concluded that the Settlement is fair and in the best interests of the Class Members considering the risks and uncertainties to each side of continued litigation.  Because the Settlement will affect your legal rights, the Court ordered that this Notice be sent to you.  This Notice will provide you with a brief description of the Action; inform you of the terms of the Settlement; and advise you of your legal rights.

### 2. What Is The Lawsuit About?

A former employee ("Plaintiff") has sued Blattner on behalf of himself and others similarly situated for the following claims:  (1) violation of Labor Code §§ 226.7 and 512 regarding unpaid meal and rest period premium wages, (2) violation of Labor Code §§ 510 and 1194 regarding unpaid overtime and minimum wages, (3) violation of Labor Code § 203 regarding waiting time penalties, (4) violation of Labor Code § 226 regarding recordkeeping; (5) violation of Labor Code § 2698 *et seq.*; and (6) Business and Professions Code § 17200 *et seq*.

On June 15, 2016, the Court granted in part and denied in part Plaintiff's Motion for Class Certification and certified a class on limited claims for trial. Since then, up to the time of this settlement, the Parties were working to prepare this lawsuit for trial.

### 3. What Is Blattner's Position?

Blattner denies Plaintiff's claims and denies that it has any liability to the Class under the claims asserted in the Action.  Nonetheless, this Settlement is entered into solely for the purpose of compromising highly-disputed claims.  Nothing in this Settlement is intended or will be construed as an admission of liability or wrongdoing by Blattner or an admission by Plaintiff that he would have lost any of his claims or any defense made by Blattner would have won.



**EXHIBIT A**

## 4. Who Are The Attorneys Representing the Parties?

**Attorneys for Plaintiffs and the Class ("Class Counsel")**

**LAW OFFICES OF KENNETH H. YOON**
Kenneth H. Yoon
Stephanie E. Yasuda
Brial G. Lee
One Wilshire Boulevard, Suite 2200
Los Angeles, California 90017
Telephone: (213) 612-0988
kyoon@yoonlaw.com
syasuda@yoonlaw.com
blee@yoonlaw.com

**JUSTICE LAW CORPORATION**
Douglas Han
Shunt Tatavos-Gharajeh
Daniel J. Park
411 N. Central Avenue, Suite 500
Glendale, CA 91203
Telephone: (818) 230-7502
dhan@justicelawcorp.com
statavos@justicelawcorp.com
dpark@justicelawcorp.com

**Attorneys for Blattner Energy, Inc. ("Blattner's Counsel")**

**LITTLER MENDELSON, P.C.**
Dominic J. Messiha
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
dmessiha@littler.com

## 5. Do I Need to Hire an Attorney?

**You do not need to hire your own attorney for this Settlement.** You are already represented by Class Counsel (see Section 4). However, you may hire your own attorney at your own expense if you choose to do so. If you hire an attorney, your attorney must file a Notice of Appearance with the above-entitled Court no later than <<DATA DISPUTE DEADLINE>>. You will be responsible for any attorneys' fees and costs charged by your own attorney.

## 6. Why Is There a Settlement?

Plaintiff and Blattner have determined that it is in their mutual best interest to settle this Action due to the uncertainties of trial, benefits of settlement, associated costs of continued litigation, likely appeals, and inconvenience and interference with personal matters and business operations. The Settlement was reached through lengthy negotiations between the parties before a neutral, independent, third-party mediator and former federal magistrate judge, Hon. Edward A. Infante (Ret.)

**EXHIBIT A**

The Court did not decide in favor of Plaintiff or Blattner.  After a thorough investigation into the facts of this lawsuit, Blattner and Plaintiff agreed to the Settlement. The Class claims against Blattner were settled because Class Counsel and the Class Representative believe that the amount of the Settlement is fair and reasonable in light of the strength and weaknesses of the Class claims and other factors.

## 7. *How Do I Know If I Am Part of the Settlement?*

You are a Class Member if you were a non-exempt employees of Blattner who worked on a construction project in California and were paid on an hourly basis during the Class Period.

## 8. *What Does the Settlement Provide?*

**Settlement Amount**

Blattner has agreed to pay a total of $3,500,000 ("Gross Settlement Amount") to settle this Action.  The Gross Settlement Amount, includes without limitation, all payments to those Class Members who decide to participate in the Settlement ("Qualified Claimants"), the Settlement Administrator's Costs, Class Counsel's attorneys' fees and litigation costs, Class Representative's Enhancement Payment, PAGA Payment to the LWDA, Blattner's employer share of payroll taxes, and any other fees and expenses (other than attorneys' fees and expenses) incurred in implementing the terms and conditions of this Agreement and securing the Final Order and Judgment to be entered by the Court.

The "Net Settlement Amount" means the Gross Settlement Amount less all the items described immediately above except for the payments to be paid to the Qualified Claimants.

**Distribution of the Gross Settlement Amount**

Subject to the terms and conditions of the Settlement approved by the Court, the Settlement Administrator will make the following payments from the Gross Settlement Amount as follows:

**First**, the Settlement Administrator will pay any Enhancement Payment to Plaintiff, as awarded by the Court.  Class Counsel will apply to the Court for an amount not to exceed $15,000 for Plaintiff Rodney Hoffman, in recognition of Plaintiff's efforts and risks (financial, professional, and emotional) taken in pursuing this Action.  The Court will determine the actual amount awarded to the Plaintiff.

**Second,** the Settlement Administrator will pay Class Counsel's attorneys' fees and litigation costs as awarded by the Court.  Class Counsel will apply to the Court for a total award of attorneys' fees of up to one-third of the Gross Settlement Amount (for a total of up to $1,166,666.67) for their Class Counsel attorneys' fees payment and an award of actual litigation costs (not to be exceed $200,000.00).  The Court will determine the actual amounts awarded.

**Third,** the Settlement Administrator will pay itself for all reasonably incurred administration costs, including the cost of preparing and mailing this Notice and processing payments under the



Settlement Agreement.  The Court will determine the actual amount awarded. The amount shall not exceed $24,500.00.

**Fourth**, the Settlement Administrator will pay any other fees and/or expenses (other than attorneys' fees and expenses) incurred in implementing the terms and conditions of the Settlement and securing a judgment.

**Fifth,** the Settlement Administrator will allocate one-hundred and five thousand dollars ($105,000.00) of the Gross Settlement Amount to claims under the Private Attorney General Act of 2004, California Labor Code §§ 2698 *et seq*., with seventy-eight thousand seven hundred fifty dollars ($78,750.00) (representing 75% of the PAGA penalty) being awarded to the State of California, subject to Court approval, and twenty-six thousand two hundred fifty ($26,250.00) (representing 25% of the PAGA penalty) being awarded to the Qualified Claimants by adding that sum to the Net Settlement Amount, subject to Court approval.

**Sixth,** the Settlement Administrator will distribute the Net Settlement Amount on a proportional basis as payments to each Qualified Claimant, after deduction and payment of Defendant's and Qualified Claimant's employer and employee shares of payroll taxes to the appropriate taxing authorities.

## 9 *What Can I Get From the Settlement?*

Each Qualified Claimant will be paid a payment from the Net Settlement Amount.  The amount of each Qualified Claimant's payment shall be treated as follows.  Twenty-five percent (25%) will be treated as disputed wages and shall be subject to (and will be reduced by) both the employer's and employee's share of payroll taxes and withholdings and will be subject to W-2 reporting.  The remaining seventy-five percent (75%) will be allocated to disputed penalties and interest and shall be subject to (and reduced by) all authorized and required withholdings other than the tax withholdings customarily made from employees' wages and shall be reported by IRS 1099 form.

**You will be solely responsible** for the reporting and payment of any federal, state, and/or local income or other tax withholdings, if any, on your payment.

Unless you choose to opt-out by timely submitting a valid request for exclusion by <<DATA DISPUTE DEADLINE>>, you will receive your payment after the Court approves the Settlement.

Your estimated payment is identified in the enclosed Data Dispute Form. The estimated amount will be finalized based on the total number of Class Members who participate (who do not opt-out).

If you disagree with Blattner's records regarding the time of your employment and/or number of pay periods during the Class Period and wish to challenge it, you must follow the instructions on the enclosed Data Dispute Form.



Please Note: Failure to provide documentation in support of the information you provide may result in rejection of said information.

Your challenge must be postmarked no later than <<DATA DISPUTE DEADLINE>>. The date of the postmark on the envelope shall be the exclusive means used to determine whether the challenge has been timely submitted.  If you do not timely challenge the employment information contained above, said information shall govern the calculation of your Individual Settlement Payment under the Settlement.  You may contact the Settlement Administrator whose contact information is at Section 14.

If a challenge is timely submitted but is deficient or incomplete, the Settlement Administrator will send to you within five (5) business days of receipt of the challenge a deficiency notice explaining the deficiencies and stating that you will have ten (10) calendar days from the date of the deficiency notice to correct the deficiencies and resubmit the challenge

In the event of such a dispute, the Settlement Administrator will contact you and Blattner and will work in good faith to resolve it. Blattner will review its payroll and personnel records to verify the correct number of pay periods. Blattner's records will have a rebuttable presumption of correctness.  After consultation with Class Counsel, you, and Blattner, the Settlement Administrator will make a recommendation of your number of pay periods and that determination will be submitted to the Court for a final determination by the Court, which shall be final and binding on Plaintiff, Blattner, and you and will be non-appealable.

## 10. *How Was My Share Calculated?*

Each Class Member's Claim Amount shall be determined based on the number of pay periods that the Class Member was a member of the Class during the Class Period divided by the total number of pay periods that every Class Member was a member of the Class during the Class Period multiplied by the Net Settlement Amount.  Pay periods worked after June 15, 2016 shall be weighted at 0.5x of those pay periods worked prior and including to June 15, 2016.  Pay periods shall be all pay periods within which a Class Member was considered actively employed by Defendant as a member of the Class for any length of time in California during the Class Period.  Thus, any pay periods during which a Class Member was employed by Defendant but not actively employed as a member of the Class (for example, while classified as exempt, while on a leave of absence, while outside California, etc.) are not included as pay periods.
There will be no reversion of any of the Gross Settlement Amount or Net Settlement Amount to Defendant. The calculation of a Class Member's pay periods and a determination as to whether a Class Member was actively employed as a member of the Class in a particular pay period shall be construed from Defendant's records. Fractional pay periods shall all be rounded up to the nearest whole number.

## 11 *How Can I Get Payment?*

If you take no further action as a Class Member, you will be considered a Qualified Claimant, you will be represented by Class Counsel, and will have the right to receive your payment if the Settlement is approved by the Court and the Final Approval Date occurs.[1]  As a Qualified Claimant, you will not be separately charged for the services of Class Counsel.  As a Qualified Claimant, you will be bound by the terms of the Settlement which will result in a release of your claims as described below under **Released Claims**.

## 12. *When Would I Get My Payment?*

The Court will hold the Final Approval Hearing on <<date>> at <<time>> before the Honorable Dolly M. Gee, United States District Court Judge for the Central District of California, in Courtroom 8C, 8th Floor of the United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, to decide whether to approve the Settlement.

Within thirty (30) days of the Final Approval Date, the Settlement Administrator shall issue payments to Qualified Claimants in the form of a check, which shall become null and void if not deposited within ninety (90) days of issuance.  After ninety (90) days of issuance, funds from undeposited checks will be held by the Settlement Administrator; if the Qualified Claimant to whom the undeposited check is issued does not contact Class Counsel or the Settlement Administrator concerning his or her settlement payment within one-hundred eighty (180) days of issuance of the payment, the amount of that Qualified Claimant's payment that has remained undeposited as of that time shall be transmitted to the California Department of Industrial Relations, to be held and disposed of by it under California's Unclaimed Property Law. The failure by a Qualified Claimant to claim or deposit any check issued by the Settlement Administrator shall have no effect on that Qualified Claimant's release of all Qualified Claimant's Released Claims as set forth herein.

## 13. *What Rights Do I Give Up If I Participate or Do Nothing?*

Unless you exclude yourself from the Settlement, you will be part of the Class, and you will be bound by the terms of the Settlement, including the Qualified Claimants' Released Claims

---

[1]       "Final Approval Date" means the date by which this Settlement is finally approved as provided herein and the District Court's Final Judgment becomes binding.  For purposes of this Agreement, the Final Judgment becomes binding upon the later of: (i) the day after the last day by which a notice of appeal to the Ninth Circuit Court of Appeals may be timely filed and none is filed; (ii) if an appeal is filed, and the appeal is finally disposed of by ruling, dismissal, denial or otherwise, the day after the last date for filing a request for further review of the Court of Appeals' decision passes, and no further review is requested; (iii) if an appeal is filed and there is a final disposition by ruling, dismissal, denial, or otherwise by the Court of Appeals, and further review of the Court of Appeals' decision is requested, the day after the request for review is denied with prejudice and/or no further review of the judgment can be requested, or (iv) if review is accepted, the day the United States Supreme Court affirms the Settlement. It is the intention of the Parties that this Settlement shall not become effective until the Court's order approving this Settlement is completely final as defined in the Settlement Agreement.



**EXHIBIT A**

described below.  That means that you will be unable to sue, or to continue to sue, or be part of any other lawsuit about the Qualified Claimants' Released Claims.  It also means that all of the Court's orders will apply to you and legally bind you.

## **Released Claims**

Upon the Final Approval Date, unless you submit a valid and timely request for exclusion, you shall be deemed to have fully, finally, and forever released Blattner and any related entities and all of its respective former, present, and future owners, parents, subsidiaries, affiliates, divisions, related entities, joint venturers, partners, corporations in common control, co-employers, service providers, predecessors, successors, and assigns, and past, present, and future officers, directors, employees, partners, shareholder, agents, associates, representatives, attorneys, insurers, and any other successors, assigns, or legal representatives of any of them ("Releasees"), from any and all claims, actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities, of any nature and description whatsoever, brought on behalf of the Class in the First Amended Complaint, or which could have been pled based on the facts alleged in the First Amended Complaint in this matter, including but not limited to: violation of Labor Code sections 226.7 and 512 (meals and rest periods), violation of Labor Code sections 510 and 1194 (overtime wages), violation of Labor Code sections 1771, 1774 and 1194 (prevailing wages), violation of Labor Code section 203 (waiting time penalties), violation of Labor Code section 226 (record keeping and wage statements), violation of Labor Code section 2698 (Private Attorneys General Act) premised on violations of Labor Code §§ 201-204, 226(a), 226.7, 510, 512(a), 558, 1174(d), 1194, 1197, 1197.1, 1198, or 2802, and violation of Business & Professions Code section 17200, et seq. (Unfair Business Practices and Unfair Competition) premised on violation of Labor Code §§ 226.7, 512, 510, 1194, 1171, 1174, or 1194. The Released Claims are those that arise from or relate to the same set of operative facts as set forth in the First Amended Complaint and accrued during the Class Period.

With respect to the Qualified Claimants' Released Claims only, Qualified Claimants will also have been deemed to have expressly waived and relinquished the provisions, rights and benefits of section 1542 of the California Civil Code, which reads:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Qualified Claimants also acknowledge that they may later discover facts different from or in addition to those they now know or believe to be true regarding the Qualified Claimants' Released Claims, and even so agree that the releases and agreements contained above shall remain effective in all respects notwithstanding any later discovery of any different or additional facts.  Qualified Claimants shall also assume any and all risk of any mistake in connection with the true facts involved in the matters, disputes, or controversies released or described in the Settlement Agreement or with regard to any facts now unknown to them relating thereto.

**14. *How Do I Exclude Myself from the Settlement?***



If you do not wish to participate in the Settlement, you may exclude yourself (generally called "opting out") by submitting a written opt-out request to the Settlement Administrator.  Your request for exclusion must (a) be in writing; (b) state the name, address and telephone number of the Class Member; (c) state either the Class Member's approximate years of employment with Defendant or the employee identification number given to the Class Member by Defendant; (d) request exclusion from the Class saying words to the effect of "I wish to opt out of the Class in: Hoffman v. Blattner Energy, Inc."; (e) be sent via U.S. Mail post-marked no later than <<Data Dispute Deadline>>; and (f) be signed and dated with return address or contact information.

You must sign the request for exclusion personally and may not have someone sign for you, nor may you submit a request for exclusion on behalf of a group. Mail requests to:



**Settlement Administrator**
**c/o<<_____>>**
**<<Address>>**
**Phone: (***) ***-****

If you submit a timely request for exclusion, then upon its receipt you shall no longer be a member of the Class, you shall be barred from participating in any portion of the Settlement, you may not object to the Settlement, and you shall receive no benefits from the Settlement.  If you wish, you may pursue, at your own expense, any claims you may have against Blattner.  If you do not submit a complete and timely written request for exclusion, you will be included in the Class, and be bound by the terms of the Settlement (including the Qualified Claimants' Released Claims described in Section 13 above), whether or not you disputed or challenged your employment information  and/or filed an objection to the Settlement.

The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.

Do not submit both an objection and request for exclusion.  If you submit both, the request for exclusion will be controlling, and you will be excluded from the Settlement Class.

### 16. *How Do I Object to the Settlement and Appear at the Final Approval and Fairness Hearing?*

If you do not submit a timely and valid request for exclusion but wish to object or otherwise be heard concerning this Settlement, you must provide the Settlement Administrator with written notice of your intent to object or comment to this Settlement.  To be considered timely, the notice must be sent to the Settlement Administrator via U.S. Mail and postmarked no later than <<DATA DISPUTE DEADLINE>>.

The date of the postmark on the envelope shall be the exclusive means used to determine whether the objection has been timely submitted.

**EXHIBIT A**

The notice must set forth any and all objections to this settlement and include any supporting papers and arguments.  Either of the Parties may file a responsive document to any notice of intent to object or appear with the Court.  Any person who objects to the settlement shall be bound by the order of the Court.

If you timely file and serve a valid written objection, you may appear at the Final Approval Hearing on <mark><<date>></mark> at <mark><<time>></mark> before the Honorable Dolly M. Gee, United States District Court Judge for the Central District of California, in Courtroom 8C, 8th Floor of the United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012.  You have the right to appear at the Final Approval Hearing in person or through your own attorney (at your own expense).

At the Final Approval Hearing, the Court will determine whether the Settlement is fair, reasonable, and adequate; and if there are objections, the Court will consider them. The Court will also be asked to approve requests including, but not limited to, Class Counsel's request for attorneys' fees and litigation costs, the Class Representative's Enhancement Payment, the Settlement Administration Costs, and the PAGA payment. The hearing may be continued without further notice to Class Members.

You do not have to attend the hearing, but you may do so at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you sent your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

If you object to the Settlement, you will still remain a Qualified Claimant of the Settlement Class, and if the Court approves the Settlement, you will be bound by all the terms of the Settlement including the Qualified Claimants' Released Claims against the Releasees.

<u>**Do not**</u> file an objection if you only dispute the accuracy of the number of pay periods you worked during the Class Period identified in this Notice.  The procedure for disputing that information is set forth in the Data Dispute Form.  <u>**Do not**</u> file an objection if you decided to exercise your right to opt-out of the Settlement as described above, because you are not permitted to object if you opt-out.

**If the court approves the Settlement despite any objections, you will receive your payment and will be bound by the terms of the Settlement (including the Qualified Claimants' Released Claims described in Section 13 above).**

## 17. *How Do I Get Additional Information?*

As a Qualified Claimant, if you move or change your address, and you want to continue to receive information and/or your payment at your new address, you must send notice of your change of address to the Settlement Administrator.

This Notice is a summary of the basic terms of the Settlement.  For the precise terms and conditions of the Settlement, you should consult the Joint Stipulation of Settlement and Release.



**EXHIBIT A**

This as well as all the court records may be examined by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cacd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Central District of California at 312 N. Spring Street, Room G-8, Los Angeles, California 90012 during regular business hours (Mon. – Fri., 9:00 a.m. to 4:00 p.m.).

You may also get more information by visiting www.BlattnerClassAction.com.

---

**18. *Important Deadlines***

The deadline to submit any of the following is **<<DATA DISPUTE DEADLINE>>:**

- Challenge (along with documentation) of number of pay periods

- Request for Exclusion from Participating in Settlement; or

- Notice of Objection to Settlement.

PLEASE DO NOT WRITE OR TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT

**DATA DISPUTE FORM**

*Hoffman v. Blattner Energy, Inc.*

| **Your Estimated Claim Amount is <<EST. CLAIM AMOUNT>>** |
| :---: |

The purpose of this form is to confirm the information the Settlement Administrator has on file for you.  **IF YOU DO NOT DISPUTE THE BELOW INFORMATION, NO RESPONSE OR FURTHER ACTION IS REQUIRED BY YOU.**  Your payment under the Settlement will be calculated using the below information.

If you feel that any of the information listed below is incorrect, you must complete all the requested information, including attaching supporting documentation, and return this Data Dispute Form postmarked no later than **<<DATA DISPUTE DEADLINE>>**, to:

Settlement Administrator
<<ADDRESS>>
<<CITY, STATE ZIP>>

| **If you miss the deadline, your Claim Amount will be calculated using the below information.** |
| :---: |

**A.**   **PLEASE VERIFY YOUR NAME AND ADDRESS:**

«Barcode» Claim #: MIM-«Claim»-«CD»  «MailRec»        **Name/Address Corrections** (if any):
«First1» «Last1»                                        _____
«c/o»                                                  _____
«Address1» «Address2»                                  _____
«City»,«ST»  «ZIP»  «Country»                          _____

**B.**   **EMPLOYMENT INFORMATION:**

Blattner Energy, Inc.'s ("Blattner") records indicate that you were actively employed as a non-exempt employee in California during the period from September 24, 2010 to <<Class Period End Date>>.  Blattner's records show the following:

Number of pay periods of active employment during Class Period in            <<NUMBER OF PAY PERIODS>>
California

If you disagree with the above information, please indicate the correct information and attach documentation in support.  (Please Note: Failure to provide documentation may result in rejection.) _____

**C.**   **YOUR ESTIMATED CLAIM AMOUNT:**

Your estimated Claim Amount is listed at the top of this Data Dispute Form and is based on the information in Section B above.  This estimated amount is calculated based on the Net Settlement Amount as described in the Notice.

**D.**   **ACKNOWLEDGEMENTS AND DECLARATION UNDER PENALTY OF PERJURY:**

I have received the Class Notice and submit this Data Dispute Form under the terms of the proposed Settlement described.  I acknowledge I am giving up the Released Claims against the Released Parties.  I understand the full terms of the proposed settlement are on file with the court.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the information I provided above is true.

_____

Questions?  Call <<SETTLEMENT ADMIN PH NO>>   **48**

Exhibit 2

**EXHIBIT A**

Dated                                                                    Signature

Full Name (Print): _____

Last Four Social Security Number:  XXX -XX - ___ ___ ___ ___
*(Failure to sign and fill in each of the above information will result in the rejection of your dispute.)*

Email Address (for confirmation of receipt of this Data Dispute Form): _____ ____

**49**
Exhibit 2
**EXHIBIT A**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY HOFFMAN, as an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>BLATTNER ENERGY INC., an unknown business entity, and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.: 5:14-CV-02195-DMG (DTBx)<br><br>[Assigned for all purposes to Hon. Dolly M. Gee]<br><br>**[PROPOSED] ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date Filed: January 23, 2014 |

**50**

Exhibit 3

**EXHIBIT A**

## ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, Plaintiff Rodney Hoffman ("Plaintiff" or "Class Representative"), individually and on behalf of all others similarly situated, has filed an unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") requesting an order preliminarily approving the settlement of the above-entitled action ("Action") in accordance with the Joint Stipulation of Settlement and Release ("Settlement"), entered into by Plaintiff and Defendant Blattner Energy, Inc. ("Defendant"). (Plaintiff and Defendant shall sometimes be collectively referred to herein as the "Parties").

The Court having considered all papers filed and proceedings herein and otherwise being fully informed of the premises and good cause appearing therefore,

NOW, THEREFORE, IT IS HEREBY ORDERED ADJUDGED, AND DECREED THAT:

1.     This Order Preliminarily Approving Settlement incorporates by reference the definitions in the Settlement and all terms defined therein shall have the same meaning in this Order.

2.     The Settlement is hereby PRELIMINARILY APPROVED as it appears to the Court on a preliminary basis that (a) the Settlement is fair, adequate and reasonable; (b) the Gross Settlement Amount and Net Settlement Amount are fair, adequate and reasonable when balanced against the probable outcome of further litigation relating to liability and damages issues; (c) extensive and costly investigation and research have been conducted such that the Parties' respective counsel at this time are able to reasonably evaluate their respective positions; (d) settlement at this time will avoid substantial additional costs by all Parties, as well as avoid the delay and risks that would be presented by the further prosecution of

1   the Action; and (e) the Settlement has been reached as the result of intensive,

2   serious and non-collusive, arms-length negotiations.

3       3.      The Court finds preliminarily, and for purposes of proceeding

4   pursuant to Fed. R. Civ. P. Rule 23(e), that Class Members are ascertainable and

5   sufficiently numerous that joinder of all Class Members is impracticable, there are

6   questions of law and fact common to the Class that predominate over any

7   questions affecting only individual Class Members, the Plaintiff's claims are

8   typical of those in the Class, class certification is a superior method for

9   implementing the Settlement and adjudicating this Action in a fair and efficient

10  manner, the Class Representative can fairly and adequately protect the Class's

11  interests, and Class Counsel are qualified to serve as counsel for the Plaintiff in

12  his individual and representative capacity and for the Class.

13      4.      Accordingly, solely for purposes of effectuating this Settlement, this

14  Court hereby conditionally certifies the "Class" and preliminarily approves the

15  Settlement.

16      5.      The Court hereby appoints as Class Counsel, Kenneth H. Yoon,

17  Stephanie E. Yasuda and Brian Lee, Law Offices of Kenneth H. Yoon, and

18  Douglas Han, Shunt Tatavos-Gharajeh, and Daniel J. Park, Justice Law

19  Corporation, as Class Counsel.  Class Counsel is authorized to act on behalf of the

20  Class Members with respect to all acts or consents required by, or which may be

21  given pursuant to, the Settlement, and such other acts reasonably necessary to

22  consummate the Settlement.  Any Class Member may enter an appearance through

23  counsel of such individual's own choosing and at such individual's own expense.

24  Any Class Member who does not enter an appearance or appear on his or her own

25  will be represented by Class Counsel.

26      6.      The Court hereby preliminarily appoints and designates Plaintiff for

27  all purposes, as the Class Representative of the Class.

**52**

Exhibit 3

**EXHIBIT A**

7.    Should, for whatever reason, the Settlement not become final, the fact that the Parties were willing to stipulate to certification of the Class as part of the Settlement shall have no bearing on, nor be admissible in connection with, the issue of whether a class should remain certified in a non-settlement context.

8.    The Court hereby preliminarily approves the definition and disposition of the Gross Settlement Amount and Net Settlement Amount and related matters provided for in the Settlement.

9.    The Court finds on a preliminary basis that the Settlement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court.  The Court has reviewed the monetary recovery that is being granted as part of the Settlement and recognizes its significant value to the Class.

10.    The Court hereby preliminarily approves Class Counsel attorneys' fees in the amount of $1,166,666.67, actual litigation expenses (not to exceed $200,000), Enhancement Payment to Plaintiff Rodney Hoffman in the amount of $15,000, actual Settlement Administration Costs (no more than $24,500) and the PAGA Payment of $105,000.00 ($78,750.00 of which is being awarded to the State of California).

11.    The Court hereby approves, as to form and content, the Notice of Settlement to be distributed to Class Members attached as Exhibit 1 to the Settlement.  The Court finds that distribution of the Notice of Settlement, substantially in the manner and form set forth in the Settlement and this Order, meets the requirements of due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

12.    The Court hereby appoints Phoenix Settlement Administrators as Settlement Administrator for the purposes of this Settlement and hereby directs (a)

**53**

Exhibit 3

**EXHIBIT A**

Defendant to provide to the Settlement Administrator within ten (10) calendar days of this Order the name, last known mailing address, last known telephone number, Social Security Number, dates the Class Member was actively employed as a non-exempt employee of Defendant in California during the Class Period, and the start and end dates of employment and (b) the Settlement Administrator to mail or cause to be mailed to Class Members the Notice Packet, by first class mail within ten (10) days of receipt of this information and using the procedures set forth in the Settlement.  Class Members who wish to participate in and be bound by the Settlement do not need to do anything.

13.     All costs of mailing of the Notice Packets, whether foreseen or not, shall be paid from the Gross Settlement Amount, including the cost of searching for Class Members' addresses as provided in the Settlement.  All other reasonable costs of the Settlement Administrator shall also be paid from the Gross Settlement Amount as provided in the Settlement.

14.     A "Final Approval and Fairness Hearing" shall be held before this Court on _____, 2017, at ___:___ am/pm  to determine all necessary matters concerning the terms of the Settlement.

15.     Pending the Final Approval and Fairness Hearing, all proceedings in this Action, other than proceedings necessary to carry out or enforce the terms of the Settlement and this Order, are hereby stayed.

16.     If any Class Member decides to participate in the Settlement and become a Qualified Claimant but disagrees with Defendant's records as to his or her employment information during the Class Period as reflected in the Data Dispute Form, the Qualified Claimant shall have an opportunity to challenge the information by following the instructions that are set forth in the Settlement and Notice Packet and within the required time period described therein.  In the event of a challenge, it shall be resolved pursuant to the procedures set out in the Notice

ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**EXHIBIT A**

of Settlement.

17.   Any Class Member may choose to opt-out of and be excluded from the Class by following the instructions for submitting a request for exclusion from the Class that are set forth in the Settlement and Notice of Settlement and within the required time period described therein.  Any such person who chooses to opt-out of and be excluded from the Class will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal or comment thereon.   Each Class Member who has not requested exclusion/opted-out shall be a Qualified Claimant and bound by all determinations of the Court, the Settlement and the Final Judgment.

18.   Any Qualified Claimant, with the exception of the Class Representatives, may object to or submit comments by following the instructions for filing and serving objections or comments that are set forth in the Settlement and Notice of Settlement and within the required time period described therein. The Court shall retain final authority with respect to the consideration and admissibility of any objections.   Any Qualified Claimant who objects to the Settlement shall be bound by the order of the Court.

19.   The Settlement is not a concession or admission, and shall not be used against the Releasees as an admission or indication with respect to any claim of any fault or omission by the Releasees.  Whether or not the Settlement is finally approved, neither the Settlement, nor any document, statement, proceeding or conduct related to the Settlement, nor any reports or accounts thereof, shall in any event be: (a) construed as, offered or admitted in evidence as, received as or deemed to be evidence for any purpose adverse to the Releasees, including, but not limited to, evidence of a presumption, concession, indication or admission by the Releasees of any liability, fault, wrongdoing, omission, concession or damage; or (b) disclosed, referred to, offered or received in evidence against any of the

ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**EXHIBIT A**

Releasees in any further proceeding in the Action, or in any other action or proceeding, except for purposes of enforcing the Settlement once it receives final approval.

20.     Jurisdiction is hereby retained over this Action, the Parties to the Action, and each of the Class Members for all matters relating to this Action, and this Settlement, including (without limitation) all matters relating to the administration, interpretation, effectuation, and/or enforcement of this Settlement and this Order.

21.     In the event the Settlement is not finally approved or is terminated, canceled or fails to become effective for any reason, this Order shall be rendered null and void and vacated, and the Parties shall revert to their respective positions as of before entering into the Settlement.

22.     The Court reserves the right to adjourn or continue the date of the Final Approval and Fairness Hearing and all dates provided for in the Settlement without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.


          IT IS SO ORDERED.


Dated: _____, 2017

                              _____
                              HONORABLE DOLLY M. GEE
                              United States District Court Judge

**56**

Exhibit 3

**EXHIBIT A**