# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY HOFFMAN, as an individual and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BLATTNER ENERGY INC., an unknown business entity, and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No.: ED CV 14-2195-DMG (DTBx)<br><br>**ORDER RE PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [106]** |

WHEREAS, Plaintiff Rodney Hoffman ("Plaintiff" or "Class Representative"), individually and on behalf of all others similarly situated, has filed an unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") [Doc. #106] requesting an order preliminarily approving the settlement of the above-entitled action ("Action") in accordance with the Joint Stipulation of Settlement and Release ("Settlement"), entered into between Plaintiff and Defendant Blattner Energy, Inc. ("Defendant"). (Plaintiff and Defendant shall sometimes be collectively referred to herein as the "Parties").

The Court having considered all papers filed and proceedings herein and otherwise being fully informed of the premises and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Order Preliminarily Approving Settlement incorporates by reference the definitions in the Settlement and all terms defined therein shall have the same meaning in this Order.

2. The Settlement is hereby PRELIMINARILY APPROVED as it appears to the Court on a preliminary basis that (a) the Settlement is fair, adequate, and reasonable; (b) the Gross Settlement Amount and Net Settlement Amount are fair, adequate, and reasonable when balanced against the probable outcome of further litigation relating to liability and damages issues; (c) extensive and costly investigation and research have been conducted such that the Parties' respective counsel at this time are able to reasonably evaluate their respective positions; (d) settlement at this time will avoid substantial additional costs by all Parties, as well as avoid the delay and risks that would be presented by the further prosecution of the Action; and (e) the Settlement has been reached as the result of intensive, serious and non-collusive, arm's-length negotiations.

3. The Court has previously found, and for purposes of proceeding

2

ORDER RE PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

pursuant to Fed. R. Civ. P. Rule 23(e), that Class Members are ascertainable and sufficiently numerous that joinder of all Class Members is impracticable, there are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members, the Plaintiff's claims are typical of those in the Class, class certification is a superior method for implementing the Settlement and adjudicating this Action in a fair and efficient manner, the Class Representative can fairly and adequately protect the Class's interests, and Class Counsel are qualified to serve as counsel for the Plaintiff in his individual and representative capacity and for the Class.

4. Accordingly, solely for purposes of effectuating this Settlement, this Court hereby preliminarily approves the Settlement.

5. The Court hereby appoints as Class Counsel, Kenneth H. Yoon, Stephanie E. Yasuda and Brian Lee, Law Offices of Kenneth H. Yoon, and Douglas Han, Shunt Tatavos-Gharajeh, and Daniel J. Park, Justice Law Corporation, as Class Counsel. Class Counsel is authorized to act on behalf of the Class Members with respect to all acts or consents required by, or which may be given pursuant to, the Settlement, and such other acts reasonably necessary to consummate the Settlement. Any Class Member may enter an appearance through counsel of such individual's own choosing and at such individual's own expense. Any Class Member who does not enter an appearance or appear on his or her own will be represented by Class Counsel.

6. The Court hereby preliminarily appoints and designates Plaintiff for all purposes, as the Class Representative of the Class.

7. Should, for whatever reason, the Settlement not become final, the fact that the Parties were willing to stipulate to certification of the Class as part of the Settlement shall have no bearing on, nor be admissible in connection with, the issue of whether a class should remain certified in a non-settlement context.

ORDER RE PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

8. The Court hereby preliminarily approves the definition and disposition of the Gross Settlement Amount and Net Settlement Amount and related matters provided for in the Settlement.

9. The Court finds on a preliminary basis that the Settlement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. The Court has reviewed the monetary recovery that is being granted as part of the Settlement and recognizes its significant value to the Class.

10. The Court hereby preliminarily approves Class Counsel attorneys' fees in an amount up to $1,166,666.67, contingent upon consideration of Plaintiff's forthcoming motion for attorney's fees and any objections from Class Members; actual litigation expenses (not to exceed $200,000); Enhancement Payment to Plaintiff Rodney Hoffman in the amount of $15,000; actual Settlement Administration Costs (no more than $24,500); and the PAGA Payment of $105,000.00 ($78,750.00 of which is being awarded to the State of California).

11. The Court hereby approves, as to form and content and subject to such edits as the Court may insert, the Notice of Settlement to be distributed to Class Members attached as Exhibit 1 to the Settlement. The Court finds that distribution of the Notice of Settlement, substantially in the manner and form set forth in the Settlement and this Order, meets the requirements of due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

12. The Court hereby appoints Phoenix Settlement Administrators as Settlement Administrator for the purposes of this Settlement and hereby directs (a) Defendant to provide to the Settlement Administrator within ten (10) calendar days of this Order the name, last known mailing address, last known telephone number, Social Security Number, dates the Class Member was actively employed

as a non-exempt employee of Defendant in California during the Class Period, and the start and end dates of employment; and (b) the Settlement Administrator to mail or cause to be mailed to Class Members the Notice Packet, by first class mail within ten (10) days of receipt of this information and using the procedures set forth in the Settlement. Class Members who wish to participate in and be bound by the Settlement do not need to do anything.

13. All costs of mailing of the Notice Packets, whether foreseen or not, shall be paid from the Gross Settlement Amount, including the cost of searching for Class Members' addresses as provided in the Settlement. All other reasonable costs of the Settlement Administrator shall also be paid from the Gross Settlement Amount as provided in the Settlement.

14. A "Final Approval and Fairness Hearing" shall be held before this Court on October 27, 2017, at 10:00 a.m. to determine all necessary matters concerning the terms of the Settlement.

15. Pending the Final Approval and Fairness Hearing, all proceedings in this Action, other than proceedings necessary to carry out or enforce the terms of the Settlement and this Order, are hereby stayed.

16. If any Class Member decides to participate in the Settlement and become a Qualified Claimant but disagrees with Defendant's records as to his or her employment information during the Class Period as reflected in the Data Dispute Form, the Qualified Claimant shall have an opportunity to challenge the information by following the instructions that are set forth in the Settlement and Notice Packet and within the required time period described therein. In the event of a challenge, it shall be resolved pursuant to the procedures set out in the Notice of Settlement.

17. Any Class Member may choose to opt-out of and be excluded from the Class by following the instructions for submitting a request for exclusion from

the Class that are set forth in the Settlement and Notice of Settlement and within the required time period described therein.  Any such person who chooses to opt-out of and be excluded from the Class will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal or comment thereon.  Each Class Member who has not requested exclusion/opted-out shall be a Qualified Claimant and bound by all determinations of the Court, the Settlement, and the Final Judgment.

18. Any Qualified Claimant, with the exception of the Class Representative, may object to or submit comments by following the instructions for filing and serving objections or comments that are set forth in the Settlement and Notice of Settlement and within the required time period described therein.  The Court shall retain final authority with respect to the consideration and admissibility of any objections.  Any Qualified Claimant who objects to the Settlement shall be bound by the order of the Court.

19. The Settlement is not a concession or admission, and shall not be used against the Releasees as an admission or indication with respect to any claim of any fault or omission by the Releasees.  Whether or not the Settlement is finally approved, neither the Settlement, nor any document, statement, proceeding or conduct related to the Settlement, nor any reports or accounts thereof, shall in any event be:  (a) construed as, offered or admitted in evidence as, received as or deemed to be evidence for any purpose adverse to the Releasees, including, but not limited to, evidence of a presumption, concession, indication or admission by the Releasees of any liability, fault, wrongdoing, omission, concession or damage; or (b) disclosed, referred to, offered or received in evidence against any of the Releasees in any further proceeding in the Action, or in any other action or proceeding, except for purposes of enforcing the Settlement once it receives final approval.

20. Jurisdiction is hereby retained over this Action, the Parties to the Action, and each of the Class Members for all matters relating to this Action, and this Settlement, including (without limitation) all matters relating to the administration, interpretation, effectuation, and/or enforcement of this Settlement and this Order.

21. In the event the Settlement is not finally approved or is terminated, canceled or fails to become effective for any reason, this Order shall be rendered null and void and vacated, and the Parties shall revert to their respective positions as of before entering into the Settlement.

22. The Court reserves the right to adjourn or continue the date of the Final Approval and Fairness Hearing and all dates provided for in the Settlement without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

23. Plaintiff shall submit a proposed schedule for Notice and Final Approval that includes all relevant dates and deadlines for the distribution of class notice, submissions of objections/opt-outs, and the filing of related Motions.

IT IS SO ORDERED.

DATED: JULY 17, 2017

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE